445 A.2d 550

**COMMONWEALTH of Pennsylvania**

v.

**Joseph W. LARSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 12, 1981.

Filed May 7, 1982.

Edward J. Mearty, Assistant Public Defender, Media, for appellant.

Rex R. Gary, Assistant District Attorney, Media, for Commonwealth, appellee.

254

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant Joseph W. Larson was stopped on April 1, 1980, and again on May 25, 1980, each time by Police Officer Harold Snyder, each time for a traffic violation. On each occasion, Officer Snyder radioed for a computer check and was informed that appellant's license had been suspended. The officer then sent a written request for a certified copy of appellant's operating record to the Pennsylvania Department of Transportation in Harrisburg. The certified operating record was received on July 24, 1980, and citations, which had been prepared on April 1 and May 25, 1980, were issued.

A hearing was held before a District Justice, and appellant was found guilty of two charges of operating a motor vehicle while his driving privilege was suspended. A fine of $200 was imposed on each conviction. Appeal was taken to the Court of Common Pleas, and the lower court, on November 10, 1980, once again found appellant guilty and imposed the same sentences. The case is before us on direct appeal. The sole issue is whether the convictions are barred by a statute of limitations.

42 Pa.C.S. § 5553(a),[1] as in effect in April and May, 1980, provided:

> Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) shall be instituted within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.

The statute is perfectly clear. Since the offenses with which appellant was charged were summary offenses (violations of 75 Pa.C.S. § 1543), proceedings against appellant had to be instituted within thirty days of whichever of

1. Act of April 28, 1978, P.L. 202, No. 53, § 10(65), subsequently amended by Act of October 5, 1980, P.L. 693, No. 142, § 501(a).

the following occurred last: commission of each offense, discovery of the commission of each offense, discovery of the identity of the offender. The record clearly establishes that Officer Snyder was aware on April 1, 1980, of appellant's identity and of the commission of one offense, and that he possessed the requisite information on May 25, 1980, to institute proceedings on the other offense. Proceedings were not instituted on either offense until July 24, 1980, well beyond the thirty days required by § 5553(a).[2] The case against appellant therefore should have been dismissed upon proper motion. *Commonwealth v. Matthews*, 286 Pa.Superior Ct. 474, 429 A.2d 37 (1981).

█ A further problem arises in this case, however. The record indicates that post-trial motions were never filed by appellant. Pa.R.Crim.P. 1123 requires either the filing of written post-trial motions within ten days after a finding of guilt, or an on-the-record agreement by the defendant to make oral motions at the conclusion of the trial. The rule also requires the trial court to advise the defendant on the record of the necessity of filing written post-trial motions in order to preserve issues for appeal. The lower court did not so advise appellant. We are therefore faced with the choice of remanding to permit appellant to file post-trial motions nunc pro tunc, as a panel of our court did in *Commonwealth v. McNelis*, 297 Pa.Superior Ct. 4, 442 A.2d 1184 (1982), or reversing on the merits and discharging appellant, as our court en banc did in *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). Since remanding the case for filing of post-trial motions nunc pro tunc would not cure the bar to this prosecution by the statute of limitations, the latter would be the only reasonable course.[3]

**2.** Proper procedure would have been for Officer Snyder to institute proceedings within 30 days of each offense, and immediately apply to Harrisburg for a certified copy of appellant's operating record. If the case came up for trial prior to the receipt of the certified copy, delay in receiving it would have been sufficient ground for extending the trial date.

**3.** We note that the lower court did actually consider and reject appellant's statute of limitations argument.

Judgment of sentence reversed, and appellant ordered discharged.