## Gardner v. Brent

*David E. Wagenseller,* for plaintiffs.
*James W. Saxton,* for defendants.

PEREZOUS, *J.,* January 29, 1985 — Before the court are the preliminary objections of Steven E. Brent and Sydney Brent, defendants. The underlying action was instituted by plaintiffs as a result of injuries suffered by plaintiff Heidi K. Gardner when she was attacked by a dog owned by defendants. Plaintiffs' complaint contains four counts, the first sounding in strict liability, the second in negligence, the third for negligent infliction of emotional distress and the fourth for intentional infliction of emotional distress. Defendants have submitted demurrers to counts I and IV for failure to state a cause of action.

The standard governing our disposition of defendants' demurrers has been stated as follows:

"In considering preliminary objections in the nature of a demurrer, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. (Citation omitted.) A demurrer admits every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law. (Citations omitted.) The law does not

provide a 'magic formula' to determine the sufficiency of a plaintiff's complaint; however, the law is clear that a demurrer can only be sustained in a case free from doubt. (Citations omitted.)" Bartanus v. Lis, 332 Pa. Super. 48, 52-53, 480 A.2d 1178, 1180 (1984).

For purposes of the instant preliminary objections, plaintiffs' complaint recites, and we accept as true, the following. Defendants were engaged in breeding and selling Saint Bernard dogs to the public at large and advertised the sale of Saint Bernard puppies in the classified advertising section of the Lancaster Newspapers. On or about May 13, 1985, plaintiffs, in response to one of the advertisements, went to defendants' premises to investigate buying a dog. Upon arriving, defendant, Sydney Brent, permitted plaintiffs to enter into defendants' back yard where the adult Saint Bernard dogs and litter of Saint Bernard puppies were situated. When plaintiffs entered defendants' backyard, the litter of Saint Bernard puppies was contained in a dog pen with the adult Saint Bernard sire of the litter tied in close proximity to the dog pen and the adult Saint Bernard bitch of such litter tied some distance from the dog pen. Defendant, Sydney Brent, let the litter of Saint Bernard puppies out of the dog pen and handed plaintiffs, Todd E. Gardner and Heidi K. Gardner, the two puppies still remaining for sale. After doing so, defendant, Sydney Brent, asked plaintiffs, Todd E. Gardner and Heidi K. Gardner, to follow her down to the dog pen in order for her to show plaintiffs the adult Saint Bernard bitch of the puppies. Plaintiff, Todd E. Gardner, in order to follow defendant, Sydney Brent, to inspect the adult Saint Bernard bitch, put down the Saint Bernard puppy which defendant, Sydney Brent, had previously handed him, and began to follow defendant,

Sydney Brent, down the backyard in order to inspect the adult Saint Bernard bitch. Subsequent to plaintiff, Todd E. Gardner, putting the Saint Bernard puppy onto the ground, said pupply followed defendant, Sydney Brent, down the backyard and then, without hesitation, began running in the direction of the adult Saint Bernard sire. Plaintiff, Todd E. Gardner, attempted to retrieve the Saint Bernard puppy after the puppy stopped at a distance approximately 10 feet from the adult Saint Bernard sire. In an attempt to retrieve the puppy, plaintiff, Todd E. Gardner, was attacked by the adult Saint Bernard sire and sustained personal injury. The Saint Bernard adult sire had previously exhibited dangerous and vicious propensities which were known to defendants from earlier unprovoked attacks caused by the dog. At the time of the accident, defendant, Sydney Brent, made no attempt to warn plaintiffs of the prior attacks.

Insofar as defendants demurrer to count I of plaintiffs' complaint, plaintiffs urge this court to adopt the following sections of the Restatement (Second) of Torts:

"Harm Done by Abnormally Dangerous Domestic Animals.

"(1) A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exercised the utmost care to protect it from doing the harm. (2) This liability is limited to harm that results from the abnormally dangerous propensity of which the possessor knows or has reason to know." Restatement (Second) of Torts §509.

"Liability to Licensees and Invitees

"The possessor of a wild animal or an abnormally dangerous domestic animal who keeps it upon land

in his possession is subject to strict liability to persons coming upon the land in the exercise of a privilege, whether derived from his consent to their entry or otherwise." Restatement (Second) of Torts §513. However, no Pennsylvania Appellate Court has adopted these provisions.

Defendants argue that there is no strict liability under the facts as alleged in plaintiffs' complaint. They cite Miller v. Hurst, 302 Pa. Super. 235, 448 A.2d 614 (1982), for the proposition that in Pennsylvania the theory of strict liaiblity is not available in cases where the cause of action arises from a dog bite.

The issue in Miller was whether a dog owner who permits a dog to run free is liable, without further proof of negligence, for injuries caused when a dog bites a small child. The trial court entered a nonsuit in favor of defendant, holding that plaintiffs failed to prove a cause of action because they failed to produce evidence that the dog had previously exhibited vicious tendencies or had bitten anyone. The Superior Court reversed the trial court upon a finding that defendants' failure to restrain the dog was a violation of the Dog Law of Pennsylvania* and therefore negligence per se. The court stated:

"We conclude, therefore, that an unexcused violation of the Dog Law is negligence per se. (Footnote omitted.) Restatement (Second) of Torts, §288b. By so holding, we overrule [Freeman v. Terzya, 299 Pa. Super. 254, 323 A.2d 186 (1974)] and join a growing number of states which have acknowledged the potential danger of allowing dogs to run at large in an urban society. Although some states have gone further and have imposed absolute

---

* Act of December 7, 1982, P.L. 784, Art. I, §101, 3 P.S. §459-101 et. seq.

liability for damages caused by roving dogs [footnote omitted], we find it improvident and unnecessary to effect such a monumental change without legislative action. The legislature in Pennsylvania has enacted a Dog Law which requires that owners of dogs prevent their animals from running at large but it has not yet imposed absolute liability upon an owner who violates such law. Therefore, we do not usurp the function and prerogative of the legislature. We hold merely that violation of the legislatively enacted dog law is negligence per se." [Footnote omitted.] Id., 302 Pa. Super. at 244.

The instant case can be distinguished from Miller, inasmuch as we are confronted with a situation involving a dog which was restrained at the time of the attack but which allegedly had vicious propensities known to plaintiffs, and Miller concerned a situation where a dog was not restrained and it was not proven that defendant had knowledge of any dangerous behavior of the dog. Consequently, Miller does not stand for the proposition that a dog owner who knows of his dog's vicious propensities is not strictly liable for injuries caused by the dog.

The Pennsylvania Dog Law contains the following provision:

"Any person who has been attacked by a dog, or anyone for such person, may make a complaint in trespass before a district justice, charging the owner or keeper of such dog with harboring a vicious dog. A copy of such complaint shall be served upon the person so charged, in the same manner and subject to the same laws regulating the service of summons in civil suits, directing him to appear for a hearing of such complaint at a time fixed therein. If such person shall fail to appear at the time fixed, or if, upon a hearing of the parties and their witnesses, the district justice shall find the person so charged

is the owner or keeper of the dog in question and that the dog has, viciously and without cause, attacked a human being when off the premises of the owner or keeper, such official shall order the said owner or keeper to henceforth keep such dog securely confined. It shall be unlawful for the owner or keeper of any vicious dog, after receiving such order, to permit such dog to run at large, or for the dog to appear on the public highways unless on leash. Any such dog found running at large may be killed by any constable, police officer or state dog warden without liability for damages for such killing. Any owner or keeper who does not keep a vicious dog confined shall, upon summary conviction, be sentenced to pay a fine of not less than $100 and not more than $500. The district justice shall also require the owner or keeper of the vicious dog to post bond with sufficient surety in the amount of $2,000 to insure payment of damages or injuries caused by the vicious dog." 3 P.S. §459-501(d).

It was upon a finding that the Pennsylvania legislature had enacted regulations concerning the restraint of a dog without imposing strict liability that the Superior Court in Miller refused to impose strict liability in a situation where other jurisdictions had imposed such liability. The court reasoned that since the legislature had enacted regulations concerning the activity at issue it would be an invasion of the legislative prerogative to impose strict liability. Similarly, the Pennsylvania legislature has enacted provisions concerning the care of vicious dogs without imposing strict liability on owners who violate that section and, in view of the reasoning of Miller, we shall not impose such liability.

As for defendants' demurrer to the count of plaintiffs' complaint for intentional infliction of emotional distress, Pennsylvania has adopted section 46 of the

Restatement (Second) of Torts §46, see Banyas v. Lower Bucks Hospital, 293 Pa. Super. 122, 437 A.2d 1236 (1981), which provides in part:

"(1) One who by extreme and outrageous conduct *intentionally* or *recklessly causes* severe emotional distress to another is subject to liability for such emotional distress and if bodily harm to the other results from it, for such bodily harm." (Emphasis added.)

Nowhere in plaintiffs' complaint is there an averment that defendants acted intentionally or recklessly with regard to any aspect of the causation of plaintiffs' injury. The complaint simply states that defendants were aware of the vicious propensities of the dog; that the dog was restrained, and that the child approached the dog and was injured. Because the complaint is devoid of any averments of intentional or reckless conduct which caused plaintiff's injury, plaintiffs have not stated a cause of action for *intentional* infliction of emotional distresss.

Accordingly, we enter the following

ORDER

And now, January 29, 1985, for the reasons set forth in the attached opinion, defendants' demurrers to counts I and IV of plaintiffs' complaint are sustained.