567 A.2d 713

**COMMONWEALTH of Pennsylvania**

**v.**

**Michael C. ALESSI, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 1989.

Filed Dec. 12, 1989.

David G. Ridge, Erie, for appellant.

Douglas J. Wright, Asst. Dist. Atty., Girard, for Com., appellee.

Before WIEAND, DEL SOLE and MELINSON, JJ.

DEL SOLE, Judge:

Michael C. Alessi, Appellant, was convicted of driving while his operating privilege was suspended or revoked (75 Pa.C.S.A. § 1543). He appeals raising two issues. We have determined that both issues are meritless and affirm the trial court's judgment of sentence.

On September 18, 1986, Alessi, while operating a motor vehicle, was stopped by a police officer. The officer ran a check on Alessi's operator's license and found it to be under suspension. The officer issued a citation which was filed with the District Justice on September 18, 1986. On September 23, 1986, the officer received formal verification of the license suspension from the Bureau of Motor vehicles, specifying the nature of the suspension. The District Justice issued the summons on October 23, 1986. Alessi moved to quash the citation as time-barred by the 30-day statute of limitations found in 42 Pa.C.S.A. § 5553(a). The trial court denied this motion.

Alessi's first issue is whether the trial court erred in refusing to quash his citation because the proceedings were not commenced within thirty days from the date of the offense. 42 Pa.C.S.A. § 5553(a) provides as follows:

... [P]roceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within thirty days after the commission of the alleged offense or within thirty days after the discovery of the commission

of the offense or the identity of the offender, whichever is later, and not thereafter.

■ The real question here is what must be done to "commence" a proceeding for a Title 75 summary offense. In *Commonwealth v. Larson*, 299 Pa.Super. 252, 445 A.2d 550 (1982), this court determined that "[p]roper procedure would have been for ... [the officer] to institute proceedings within 30 days of ... [the] offense, and immediately apply to Harrisburg for a certified copy of appellant's operating record." 299 Pa.Super at 255, n. 2, 445 A.2d 550. In the present case, the officer filed the citation with the District Justice, applied for Alessi's operating record and received formal notification of Alessi's license suspension within five days of the incident. Under *Larson*, the officer instituted proceedings well within the 30 day limit.

Pa.R.Cr.P. 60 gives this guidance:

When it is not feasible to issue the citation to the defendant or when evidence is discovered after the issuance of a citation that gives rise to additional summary charges against the defendant resulting from the same incident, a law enforcement officer shall institute a criminal proceeding in a summary case by filing a citation with the proper issuing authority.

For the purposes of 42 Pa.C.S.A. § 5553(a), we hold that once the investigating officer has filed the citation with the issuing authority, proceedings have commenced and the statute of limitations is tolled. The length of time used by the issuing authority in forwarding the summons to the defendant is immaterial to the statute.

■ Alessi's second issue is whether he was entitled to a *de novo* hearing before the trial court, after his appeal from the District Justice. Alessi claims that a hearing may have had an effect on the trial court's ruling by providing additional testimony and examination of witnesses. This claim is meritless.

At Alessi's sentencing in front of the trial court, he and the Commonwealth stipulated to the "facts of the allega-

tions" and requested the trial court to make its finding based on the stipulation and the transcript of the proceedings before the District Justice. The trial court docket indicates that "after [a] hearing, Michael Alessi, is adjudged guilty...." The record does not reveal that he was precluded from presenting evidence at this hearing. Having had the opportunity to present any relevant evidence to the trial court, Alessi elected to rely upon the stipulation of facts. Specifically, Alessi stipulated that he had received a notice of suspension from the Commonwealth and that he was stopped while driving his vehicle under this suspension. Given these circumstances, we believe that Alessi has had his trial *de novo*.

Judgment of sentence affirmed.