**Commonwealth v. Harvey**

*Brian E. Chudzik, assistant district attorney,* for the Commonwealth.

*Douglas H. Cody,* for defendant.

FARINA, *J.,* July 12, 1990 — Before the court is defendant Samuel W. Harvey's post-trial motion challenging his conviction at a summary bench trial of driving during suspension in violation of section 1543(a) of the Vehicle Code, 75 Pa.C.S. §101 et seq. Prior to trial, defendant filed a timely motion to dismiss the summary charge as time-barred under section 5553(a) of the Judicial Code, 42 Pa.C.S. §101 et seq., which motion was denied. For the reasons that follow, we grant defendant's post-trial motion and discharge defendant.

This case requires us to examine the effect on section 5553(a) of the Judicial Code on section 1543(d) of the Vehicle Code, which requires a prosecuting police officer to "verify" with the Department of Transportation the basis for the license suspension prior to filing a citation for driving during suspension and, upon receiving such "verification," to identify on the citation the subsection violated. Section 5553(a) of the Judicial Code requires that a citation in a summary case be filed within 30 days of the offense or discovery of the identity of the offender. The issue presented is whether section 1543(d) of the Vehicle Code can operate to extend the time limitation of section 5553(a) of the Judicial Code.

In this case, the citation charging defendant with driving during suspension was filed more than 30 days after the offense and discovery of defendant's identity, but within 30 days of receipt from the department of written "verification" of the basis of defendant's prior suspension. The written verification was received within the 30-day period following the offense, but that period lapsed six days later.* The citation was filed October 30, 1989.

The Commonwealth contends that the Judicial Code section 5553(a) time requirement for commencing prosecution is tolled by section 1543(d) of the Vehicle Code and so does not begin to run until written "verification" is received from the department. Section 1543(d) provides:

"Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation." 75 Pa.C.S. §1543(d).

Nothing in the language of this section supports the Commonwealth's interpretation. Section 1543(d) simply instructs the police as to what must be done prior to filing the citation. It says nothing about extending the time for filing, nor can we determine any compelling reason why an extension should be implied.

In *Commonwealth v. Larson,* 299 Pa. Super. 252, 445 A.2d 550 (1982), the Superior Court held that discovery of the offense of driving during suspension and identification of the offender by radio and

---

* On September 23, 1989 the offense was committed and defendant's identity was discovered by radio/computer check with the department. On October 17, 1989 written confirmation was received from the department.

computer check with the department at the time of the traffic stop started the 30-day clock of section 5553(a) and that it was not tolled while the prosecuting authority awaited written confirmation of the defendant's driving record from the department. Although *Larson* was decided prior to the enactment of section 1543(d) in 1987, *Commonwealth v. Alessi,* 389 Pa. Super. 497, 567 A.2d 713 (1989), reached the same result as *Larson* without reference to section 1543(d).

We find *Larson* and *Alessi* controlling. Both cases held that verbal confirmation of offense and identity was sufficient to start the 30-day time clock. The fact that section 1543(d) directs the police to "verify" the basis of the suspension and upon "verification" to cite the appropriate subsection does not mean that the verification must be in writing, any more than confirmation of the suspension and identity of the offender had to be in writing under *Larson* and *Alessi.* Webster's Ninth New Collegiate Dictionary defines "verify" as: "(1): to confirm or substantiate in law by oath (2): to establish the truth, accuracy, or reality of"; and "verification" as: "the act or process of verifying: the state of being verified." Webster's Ninth New Collegiate Dictionary 1310 (9th ed. 1985). Nothing in these definitions requires a writing. If the legislature intended section 1543(d) to require written verification, it could have so provided. Without evidence of such a legislative intent, the Commonwealth's position has no merit.

Therefore, we conclude that under section 5553(a), as construed in *Commonwealth v. Larson, supra,* and *Commonwealth v. Alessi, supra,* a citation for driving during suspension must be brought within 30 days of the offense or discovery of the

identity of the offender and this time period is not extended by section 1543(d) of the Vehicle Code.

Accordingly, we enter the following

## ORDER

And now, July 12, 1990, upon consideration of defendant's post-trial motion, the motion is granted, the verdict of guilty and sentence imposed are vacated, and the summary charge of driving during suspension in violation of section 1543(a) of the Vehicle Code, 75 Pa.C.S. §101 et seq., is dismissed as time-barred.