## Commonwealth v. Riggle

*Ted McKnight, district attorney,* for the Commonwealth.
*Craig P. Miller,* for defendant.

BROWN, *P.J.,* August 19, 1991—Defendant has been charged with operating a motor vehicle with an expired registration number in violation of section 1301(a) of the Vehicle Code. He has also been charged under section 1543(b) with driving during suspension while his operating privileges were suspended as a result of a driving under the influence violation.

The underlying facts of the charges began to unfold on January 1, 1991 at 3:40 a.m. At that time Officer Carlton Cannon of the Renovo Police Department observed defendant operating a 1971 green Chevy Chevelle on Huron Avenue in the Borough of Renovo. The windshield of defendant's vehicle was frosted so that he could not see out, and he was thus observed with his head out of the driver's window in order to see where he was going.

Officer Cannon believed that defendant was not a licensed operator and he pursued him to Fifth Street where defendant pulled his vehicle off the street. Officer Cannon then pulled beside defendant and found him lying on the seat of the vehicle feigning sleep. Officer Cannon advised defendant that he would receive citations for the offenses. Officer

Cannon then called in the vehicle's registration plate number. The plate itself indicated that it expired in May 1990.

When Officer Cannon next checked defendant's vehicle he found that defendant had left the vehicle.

Officer Cannon then requested certain certifications from the Department of Transportation. He received the certifications on February 6, 1991 and filed the present citations on February 7, 1991 before the district justice.

The first such certification (Commonwealth exh. 1) pertains to the registration plate on defendant's vehicle. The certification indicated that the plate number RLG-589 was for a 1981 Buick which was to have expired in October 1991. Commonwealth exhibit no. 2 was a certification with respect to defendant's operating privileges indicating that he was suspended through July 21, 1991.

Defendant's first argument is a procedural one. He alleges that Officer Cannon failed to comply with the provisions of 42 Pa.C.S. §5553(a) which requires generally citations for summary offenses under Title 75 to be filed within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense. The Commonwealth counters with the argument that this statute does not apply to a driving during suspension citation because the officer is required under the provisions of section 1543(d) to secure a verification from the department as to the reason for the suspension before a citation can be filed. Specifically section 1543(d) states:

"Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving

the verification, the officer shall cite the appropriate subsection of this section on the citation.''

In view of the provisions of section 1543(d) the court concludes that the application of 42 Pa.C.S. §5553(a) must be interpreted to allow the filing of the citation within 30 days of receiving the department's verification as to the basis for the suspension. To accept defendant's interpretation of measuring the 30 days from the date of commission of the offense would create an absurd situation in that the literal time limits of section 5553(a) could seldom be met. Accordingly the court concludes that the Vehicle Code provisions override the provisions of the Judicial Code with the former being a specific piece of legislation and the latter being a general piece of legislation which is modified by the former.

Defendant has cited the case of *Commonwealth v. Larson,* 299 Pa. Super. 252, 445 A.2d 550 (1982), in support of his statute of limitations argument. However, that case was decided in 1982 and the current provisions of section 1543(d) were enacted in 1987. Clearly a different result must obtain in view of the subsequent amendment to section 1543 requiring the officer to wait until he receives a certification before a citation is filed.

Defendant's next argument is that he is only guilty of violating section 1543(a) and not section 1543(b), which pertains to operating when the suspension is based upon a prior driving under the influence offense or a prior refusal to submit to a blood or breath test for alcohol. The citation in question clearly charges defendant with a violation of subsection (b) rather than subsection (a). While it does not specifically allege the reason for defendant's suspension, the court deems him to be under adequate notice in this regard. Furthermore, Commonwealth

exhibit no. 1 clearly indicates that defendant was suspended by the department beginning July 19, 1990 for a period of one year for a chemical test refusal under section 1547 of the Vehicle Code. The certification further indicates that defendant's operator's license was received by the department on July 21, 1990. The one-year suspension covers the period of time involved in this matter, i.e., January 1, 1991, and therefore defendant is clearly guilty of violating section 1543(b) and subject to the appropriate penalties.

Defendant's final argument is that there is no evidence that he received notice of his suspension. While there appears to be a legal requirement of receiving such notice, the court again would note that the departmental records indicate defendant returned his license as of July 21, 1990. The court believes that it is a permissible inference from the fact of returning his license to conclude that he had notice of the suspension. In the ordinary course of events a person would not return their operator's license to the department unless directed to do so.

## DECISION

And now, August 19, 1991, based upon the foregoing opinion, the court finds defendant guilty of violating section 1301(a) of the Vehicle Code by operating a motor vehicle with an expired registration number and that defendant pay a fine of $75 together with the EMS fine of $10 and the CAT Fund surcharge of $30 together with the costs of prosecution.

The court further finds the defendant guilty of violating section 1543(b) of the Vehicle Code for driving during suspension and it is the sentence of

the court that defendant pay the statutorily mandated fine of $1,000, the EMS fine of $10, the CAT Fund surcharge of $30 and the cost of prosecution and that defendant undergo imprisonment in the Clinton County Jail for the statutorily mandated period of 90 days, this sentence to become effective at 8 a.m. on the 11th day following the date of filing of this decision unless defendant files post-trial motions as hereinafter advised.

Defendant is advised that he has the right to file a motion in arrest of judgment within 10 days of the date of this decision on grounds of error appearing on the face of the record or that the evidence was insufficient to sustain the charge or that the court did not have jurisdiction in the case. Defendant is also advised that he has the right to file a motion for a new hearing within 10 days of the date of this decision on grounds of hearing errors prejudicial to him or that the decision was against the weight of the evidence or for other possible reasons. Defendant is further advised that if such motions are filed and the court rules against him that he has the right of appeal to a higher court only on the grounds contained in such motions. He is also advised that if such motions are not filed or even if they are filed but are later voluntarily withdrawn, the legal effect will be that the within decision will stand and he will be waiving or giving up his right to file such motions and to appeal to a higher court.