568 A.2d 1320

COMMONWEALTH of Pennsylvania

v.

Donald R. TAYLOR, Appellant.

Superior Court of Pennsylvania.

Argued June 13, 1989.

Filed Jan. 22, 1990.

572

Robert Glessner, York, for appellant.

H. Stanley Rebert, Dist. Atty., York, for Com., appellee.

Before BROSKY, BECK and HOFFMAN, JJ.

BROSKY, Judge.

This is an appeal from an order denying appellant's motion for new trial and in arrest of judgment. Appellant contends, among other things, that he was wrongfully convicted of 75 Pa.C.S. § 1543(b), which prohibits driving while under suspension for a DUI, or DUI related offense. Appellant also challenges notice of suspension. We agree with appellant that, within reasonable bounds of statutory construction, appellant was found driving under suspension for being a habitual offender and not under suspension as a condition of acceptance of ARD for a violation of section 3731. Thus, as a matter of law, he could properly be convicted under 75 Pa.C.S.A. § 1543(a) but not under 75 Pa.C.S.A. § 1543(b). However, we also find that the Commonwealth failed to prove that actual notice was received, therefore, we reverse the order appealed from and vacate the judgment of sentence imposed.

Briefly stated, the relevant facts are: appellant was arrested for driving under the influence and charged with that offense on November 15, 1986. Appellant was admitted into the Accelerated Rehabilitative Disposition (ARD) program for that offense and under the guidelines of the program, his license was suspended for a period of three months beginning June 4, 1987. Previously, in 1983, appellant had been convicted for violations of 75 Pa.C.S.A. §§ 1501(a) and 3733. Thus, on July 2, 1987, PennDot mailed appellant a notice stating:

> As a result of your acceptance in the accelerated rehabilitative disposition (ARD) program for violating section 3731 on 11/15/86, your driving privileges are being revoked for a period of 5 years as mandated by section 1542A of the Vehicle Code.

The five year suspension became effective on September 4, 1987. Appellant was subsequently stopped while driving an off road motorcycle on March 12, 1988, and charged with violation of 75 Pa.C.S.A. § 1543(b), which reads:

> Any person who drives a motor vehicle ... at a time when their operating privilege is suspended or revoked as

a condition of acceptance of accelerated rehabilitative disposition for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

When the record of this case is reviewed it becomes apparent that an erroneous conclusion has been reached by the equation of the terms "condition of", as used in subsection (b), and "result of", which does not appear in the applicable statute and which represents the true course of events here. We believe this is logically faulty and cannot be sustained.

A brief logical sketch of the relevant law and facts of this case indicates that appellant was wrongly convicted of violating 75 Pa.C.S.A. § 1543(b). First, it is conceded by the trial court, and is also readily apparent, that appellant's license was expressly suspended *as a condition of acceptance of ARD*, for violation of section 3731, the key phraseology under subsection (b), for a *period of three months* beginning on June 4, 1987. This can be seen in the trial court's statement "A common condition of being accepted into this program is that the Defendant is not permitted to drive for a period of three (3) months. For the Defendant, this period began on June 4, 1987." However, when contemplated to some degree, it becomes equally clear that the suspension relevant to subsection (b) was for three months *only* and that the five year suspension handed appellant was not a *condition of acceptance of the ARD* but merely a result of such acceptance, (*plus* the presence of two prior traffic convictions). Nothing in appellant's ARD program was *conditioned* upon such a suspension. Rather the five year suspension was issued because appellant's acceptance of ARD constituted a third traffic offense under the terms of the habitual offenders statute and was collateral to the ARD proceedings altogether.

It is further conceded that appellant was not caught driving during the three months following June 4, 1987, the period which could reasonably be considered to be a suspension as a *condition of* acceptance of the ARD. Thus, it is really rather elementary that appellant was not caught driving while under suspension as a *condition of acceptance of ARD* and therefore falls outside of the provisions of 75 Pa.C.S.A. § 1543(b), although, as he was caught driving while under suspension, within the provisions of 75 Pa.C. S.A. § 1543(a).

Upon consideration it is clear that appellant received a five year suspension as a *result of,* not as a *condition of,* or to, acceptance of ARD. This is borne out in the PennDot notice, which states: "As a *result* of your acceptance in the accelerated rehabilitative disposition (ARD) program for violating section 3731 ..., your driving privileges are being revoked for a period of 5 years...." (In actuality it is not even entirely correct to state that the five year suspension was a result of acceptance of ARD as the suspension results from the acceptance of ARD *and* the prior two convictions for traffic offenses. There must be three such convictions, none of which has to be, under the wording of the applicable provision, a conviction for DUI or DUI related.) Clearly there is a difference between the terms "condition of" and "result of".

First of all, within the general meaning of "condition of" and in consideration of the wording of 75 Pa.C.S.A. § 1543(b), appellant does not fall within the language of that section. For instance, "condition" is defined as "a premise upon which the fulfillment of an agreement depends" and "a provision making the effect of a legal instrument contingent upon an uncertain event". Webster's Ninth New Collegiate Dictionary. In contrast, the term "result" is defined in the same dictionary as "to proceed or arise as a *consequence*". (emphasis added). In *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 931 (1985), ARD was described by our Supreme Court as a "pretrial disposition of certain cases, in which the attorney for the Common-

wealth *agrees* to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." (emphasis added). If the defendant successfully completes the program, the charges against him will be dismissed. If the ARD is not completed successfully, the defendant may be prosecuted for the offense(s) charged. *Lutz*, Id.

Appellants' five year suspension was clearly a result of, not a condition of, acceptance of ARD. It was a factor preceding the suspension for five years, not a penalty or provision attached to the acceptance of ARD or a part of the ARD program. From all appearances, appellant's ARD program, under the terms imposed, could be successfully completed in a three month period. Certainly, the success or failure of the ARD program did not require a five year waiting period to await possible violations of the § 1542 suspension. In contrast, the three month suspension given appellant under the guidelines of his ARD program was a condition of ARD in the sense that it was part of the penalty/program handed appellant for the violation of § 3731 and failure to comply with the three month suspension could have been considered evidence of unsuccessful completion of the ARD program. Of course, construction of penal statutes must be in favor of the defendant, not in favor of the Commonwealth, *Commonwealth v. Darush*, 256 Pa.Super. 344, 389 A.2d 1156 (1978), and this alone militates toward reversal.

Secondly, construing the term "condition of" in this fashion ties the suspension directly to violation of the offense, which is consistent with the other provisions of 75 Pa.C.S.A. § 1543(b). All three of the suspensions listed in the applicable section are directly tied to the violation of the DUI or DUI related offense in that they are penalties for the commission of the offense, or, alternatively, are handed down as part of a rehabilitation program. Subsection (b) talks about suspension handed down because of refusal to

take a BAC test, conviction of DUI or as a condition of acceptance of ARD–DUI (which is treated as a guilty plea.) In all three situations there is a direct tie between the suspension and the DUI offense. In contrast, when an individual receives a five year suspension as a habitual offender its relation to a DUI conviction is either fortuitous or, at best, collateral to the violation of a DUI offense. The suspension under 75 Pa.C.S.A. § 1542 results because the offender is considered habitual, as evidenced by the commission of three offenses, not because he or she has been convicted of a DUI offense. It is immaterial to that specific section whether or not one or more of the offenses happens to be a DUI offense. The suspension for being a habitual offender is collateral to the self-contained proceeding regarding the DUI or DUI related offense. As such, the distinction being made is not simply a technical one. Rather, it is integrally related to the distinction in the code for penalties associated for a violation of a license suspension.

The purpose of the distinctions between subsections (a) and (b) in 75 Pa.C.S.A. § 1543 is to treat people caught driving while under suspension for a DUI or DUI related offense more severely than those caught driving under a more general suspension. Obviously, it is illegal to drive while under any suspension of license. However, those who violate a general suspension are not treated as harshly as those who violate the DUI related suspension. In determining who is a habitual offender, the DUI offense is treated no differently than the other enumerated offenses, and if it happens that one or more of the offenses underlying a habitual offender suspension is a DUI offense, the suspension given does not vary. This is so simply because the focus in such a scenario, is not upon the DUI conviction, but upon a habitual offending of the vehicle code. If one or more of the offenses is a DUI, or is DUI related, separate punishment is handed out commensurate with that violation. However, it is done in the DUI proceedings, not in a § 1542 proceeding.

In the present case, it is our function to see that the punishment for the violation is not greater than that authorized or allowed under the applicable statute. Except for that period of suspension directly conditional to "the acceptance of Accelerated Rehabilitative Disposition" all other periods of suspension pursuant to the habitual offenders section should be treated simply as that, a suspension under the habitual offenders act, and punishment for violating the suspension should be consistent with any other violation of such a suspension. Apparently, under the approach forwarded by the trial court, all of appellant's five year suspension would fall within the purview of subsection (b) and a violation of it would be dealt with far more severely. However, if an individual committed his third offense, a non-DUI offense, for habitual offender purposes immediately after serving a 90–day ARD suspension, the subsequent five year suspension would apparently not, under the same theory, be a "condition of" accepting ARD–DUI and would, ostensibly, fall within subsection (a). That is, of course, unless it would be further contended that the five year suspension would fall under subsection (b) if any of the three offenses underlying the habitual offenders suspension happened to be a DUI offense. Yet, if this contention was forwarded, how would it be concluded that the resulting five year suspension was a "condition of" acceptance of ARD when the suspension did not follow the acceptance of ARD but instead followed a simple summary conviction? And if such a contention would not be made, one would have to question the soundness of an approach which would treat a violation with essentially the same underlying circumstances so differently, simply because one offender happened to commit a DUI violation first or second in order rather than third. Upon contemplation, this position simply is not nearly as sound as treating such a suspension as one occasioned by the statute authorizing it.

We next turn to appellant's contention that the Commonwealth failed to prove that he received notice of suspension. As to this matter we feel constrained to agree.

*Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1985), indicates that not only must the Commonwealth prove actual notice of suspension, but also that evidence that notice of suspension was mailed, standing alone, is insufficient to prove beyond a reasonable doubt that the defendant had actual notice of suspension. Application of the *Kane* precedent has not resulted in hard and fast rules. However, we can glean some standards of proof properly chargeable to the Commonwealth in light of that decision. In *Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985), we remanded for a determination of whether counsel had been ineffective for failing to raise this claim. There, the only evidence in addition to proof of mailing was a cryptic notation that an affidavit had been received by the Department of Transportation. Since it was unknown, upon appellate review, what was contained in the affidavit, we remanded to determine if counsel had indeed missed a meritorious defense. The logical implication of the decision being that unless the affidavit contained probative evidence of actual notice counsel would have missed the meritorious defense of lack of actual notice. Contrast that decision with the one reached by a panel of this court in *Commonwealth v. Gray,* 356 Pa.Super. 299, 514 A.2d 621 (1986). In *Gray,* we were faced with evidence that the notice had been mailed to his *correct* address, *plus* the fact that appellant had previously surrendered his license in response to a notice mailed to him at that same address. In *Commonwealth v. Burkett,* 300 Pa.Super. 72, 445 A.2d 1304 (1982), we found the facts that appellant had returned his license to the Bureau, and also that he had tried to conceal the fact that he had been driving by removing himself from the driver's seat probative of actual notice.

In the present case, however, there was unrebutted evidence that appellant no longer resided at the address his license was registered to. Therefore, the presumption that notice was received by mail is certainly not as strong. The only other factor that could raise a suspicion that appellant was actually aware of the suspension is the fact that

appellant was stopped approximately six months after the ARD suspension terminated. It could be argued that this fact raised a inference that appellant was aware that he was under suspension because otherwise he would have taken steps to retrieve his license. However, appellant testified that he did not own an automobile, therefore, even the aforementioned inference is substantially weakened. Certainly, one would have substantially less incentive to inquire about the return of one's license if one did not own an automobile. We do not believe that the Commonwealth has provided sufficient evidence to sustain their burden on this issue. We would reiterate our commentary made in *Gray*, supra, that it is curious that the Bureau of Traffic Safety Operations does not send such notices by certified or registered mail, where there is a return receipt to aid in proving actual notice.

For the above reasons, we reverse the order appealed from and vacate the sentence imposed. Jurisdiction relinquished.