## PennDOT v. Eisenhart

578

*Francis P. Bach, assistant district attorney,* for the Commonwealth.
*Michael C. Baldauff,* for defendant.

HORN, *J.,* February 14, 1991—This matter is before this court on petitioner's appeal from a license suspension pursuant to 75 Pa.C.S. §1542 of the Motor Vehicle Code, as the habitual offender, stemming from her offense dated November 17, 1986.

A historical review of the case is crucial in our determination of the outcome.

Petitioner was arrested for driving under the influence of alcohol on *November 17, 1986.* Petitioner accepted and was admitted into the accelerated rehabilitation disposition program for that offense and under the guidelines of the program, her license was suspended for a period of four months beginning on October 14, 1987. On December 12, 1988, Ms. Eisenhart was removed from the ARD program per an order of the Honorable John Chronister and the case was remanded for trial. An order dated February 13, 1989, by Judge Chronister, accepted defendant's plea of guilty to the charge of public drunkenness and imposed a fine, and defendant was ordered to complete the balance of the 35 hours volunteer work that she originally had agreed and

*accepted* under the ARD program. When the volunteer hours were completed, the DUI offense from November 17, 1986, would be nol prossed.

*Petitioner's second offense* under this section occurred on December 25, 1988. Ms. Eisenhart was convicted of section 3731, driving under the influence. As a result of a conviction on October 24, 1989, her license was suspended for one year as mandated by section 1532(b) of the Vehicle Code.

*Petitioner's third offense* occurred on April 14, 1989, and she was charged with a violation of section 3731, driving under the influence. Since this was petitioner's third offense under this section of the statute, Ms. Eisenhart's license was revoked for five years under the Habitual Offender Statute, 75 Pa.C.S. §1542(a).

Ms. Eisenhart has appealed this revocation contending that the first violation on November 17, 1986, for which she originally accepted admission into the ARD program does not constitute a major offense under section 1542(a) because the District Attorney ultimately entered a nol pros as the result of a subsequent plea arrangement.

The issue before this court is whether a mere *acceptance* into the ARD program for driving under the influence *counts* as a major offense for purpose of license revocation/suspension under section 1542(a), the Habitual Offender Statute, when defendant was removed from ARD and then, pursuant to a plea bargain, permitted to plead guilty to public drunkenness, with the understanding a nol pros is to be entered dismissing the original offense of driving under the influence when she completes her community service.

Section 1542(a) in pertinent part is as follows:

"(a) *General rule*—The department shall revoke the operating privilege of any person found to be a

habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated. . ."

Section (b) enumerates the sections of the statute which are counted as convictions for the Habitual Offender Statute to apply.

"(b) *Offenses enumerated*—Three convictions arising from separate acts of any one or more of the following offenses . . . shall result in such person being designated as a habitual offender:

"(1) any offense set forth in section 1532 (relating to revocation or suspension of operating privilege)."

Section (c) provides:

"(c) *Accelerated Rehabilitative Disposition as an offense*—Acceptance of accelerated rehabilitative disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section."

We interpret section 1542(c) to mean that the mere acceptance into the ARD program constitutes a conviction. We believe that the intent of the statute is not determined by outcome. Acceptance, regardless of completion of ARD, will be considered by this court as a conviction, not only for determining the sentence on subsequent convictions but also for determining the number of offenses.

We rely on two recent Superior Court cases to support our decision. In *Commonwealth v. Becker,* 366 Pa. Super. 54, 530 A.2d 888 (1987), the state appealed from an order of the Court of Common Pleas of Allegheny County which sentenced defendant as a first offender following a driving while under the influence conviction. The issue in *Becker, supra,* was whether acceptance into the accelerated

rehabilitative disposition program after being charged with driving under the influence exposes a person to be sentenced as a second offender after a suit determination on a second DUI charge.

In the Superior Court's analysis, a statutory interpretation was necessary to facilitate the meaning and intent of the words "acceptance" into the ARD program. The sentencing court interpreted section (e)(2) as meaning that only "acceptance and completion of ARD shall be considered a first conviction." *Becker, supra.* The Superior Court did not accede to this view and found it inconsistent with the plain text of the Vehicle Code.

The Superior Court read section 3731(e)(2) as meaning "exactly what it says—that acceptance of ARD is sufficient to trigger an enhanced penalty upon sentencing for a subsequent offense." *Id.* The decision further clarified for the sentencing court what a "disposition of any charge brought under this section" means in section 3731(e)(2). The *Becker* court found that section 3731(e)(2) requires "only a preliminary disposition of the charge and defines acceptance of ARD as a preliminary disposition. We must therefore conclude that section 3731(e)(2) was designed to reach defendants who have failed to 'graduate' from the ARD program." *Id.*

We find that Glenda Eisenhart has failed to graduate from the ARD program and as such will be considered a first offender for purposes of the Habitual Offender Statute, section 1542.

In *Commonwealth v. Taylor,* 390 Pa. Super. 571, 568 A.2d 1320 (1990), Taylor had been convicted of driving while under suspension for a DUI-related offense. On appeal, the Superior Court held that within reasonable bounds of statutory construction, defendant was found driving under suspension as a habitual offender and not under suspension as a

condition of acceptance of ARD for violation of the DUI statute. Judge Brosky found that the defendant could properly be convicted under the statutory subsection prohibiting driving while his operating privilege was suspended but not under the subsection prohibiting driving while under suspension for a DUI or DUI-related offense. *Id.* Judge Brosky found that an erroneous conclusion had been reached by the lower court in equating the terms "condition of" and "the result of" when dealing with section 3731 of the Motor Vehicle Code. The Superior Court reached the conclusion that it was clear that Taylor received the five-year license suspension "as a result of and not as a condition of, or to, acceptance of ARD." *Taylor, supra.* Parenthetically, the court added:

"In actuality it is not even entirely correct to state that the five-year suspension was a result of acceptance of ARD as the suspension results from the acceptance of ARD and the prior two convictions for traffic offenses. There must be three such convictions, none of which has to be, under the wording of the applicable provision, a conviction for DUI or DUI related." *Taylor, supra.*

Judge Brosky further clarified the Habitual Offender Statute by stating that "the suspension under 75 Pa.C.S. §1542 results because the offender is considered habitual, as evidenced by the commission of three offenses, not because he or she has been convicted of a DUI offense." *Taylor, supra.*

We believe that her mere acceptance into the ARD program, regardless of the final disposition, constitutes a countable event for the purpose of establishing three major offenses for disposition under section 1542. This court finds that petitioner, Glenda Eisenhart, has met the criteria for a habitual

offender and as such her license suspension under 75 Pa.C.S. §1542 for a period of five years was proper.

## ORDER

The appeal of petitioner is refused and PennDOT is authorized to reinstate the suspension/revocation originally imposed at a time to be determined by PennDOT.