## Commonwealth v. Mikulcik

*Norman J. Pine, assistant district attorney,* for the Commonwealth.

*Brenda L. McFadden,* for defendant.

SHENKIN, *J.*, June 25, 1991—On January 18, 1990, following a summary appeal, we found defendant, Janice Mikulcik, guilty of violating section 1543(b)[1] of the Vehicle Code. Defendant timely filed a motion in arrest of judgment. The sole issue raised by that motion is whether or not the Commonwealth proved beyond a reasonable doubt that defendant had actual notice of the license suspension. For the reasons which follow, we are constrained to agree

---

1. "Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."

with defendant that the Commonwealth's proof fell short of that required and, for that reason, defendant's motion will be granted.

The facts of this matter are as follows. On September 10, 1989, Officer Sherman of the West Whiteland Police Department stopped defendant's vehicle near Routes 30 and 100 in Chester County, Pennsylvania. He asked defendant for her driver's license and a vehicle registration. She could produce neither. Officer Sherman did issue a traffic citation to defendant, but for another offense not here relevant. Officer Sherman requested the Chester County Police Radio personnel to check defendant's records with PennDOT. It was reported to Officer Sherman that defendant's driver's license was under suspension. He then requested a certified copy of Ms. Mikulcik's Pennsylvania driver's record. After receiving those records from PennDOT, on approximately October 2, 1989, Officer Sherman issued a second citation to defendant. This one charged defendant with a violation of section 1543(b) of the Pennsylvania Vehicle Code.

On the issue of notice, the following evidence was produced. The Commonwealth put into evidence defendant's Pennsylvania driving records. Those records show that on two different occasions letters were sent to defendant at the address of 1121 Cedar Tree, Stoney Brook, Claymont, Delaware 19073, advising her that her driving privileges had been suspended. Defendant denied ever having received any such notice although she admitted that her address is 1121 Cedar Tree Court, Claymont, Delaware. Officer Sherman testified that the citation at issue in this case was mailed to defendant at that same address. although the record is not clear as to whether or not the citation was received by defendant. However, proof of receipt of *some* mail at that

address is not proof of receipt of the notices here in question, particularly in view of defendant's credible testimony concerning difficulty which she has with mail delivery in general. Thus, although defendant concedes that she very well might receive mail addressed as were the suspension notices, she also testified that her problems with mail delivery are beyond even the normal problems recognized by the Supreme Court in *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975).[2]

Defendant testified that she lives in a Section 8 housing development and that mail addressed to her does not come to her home. Instead it goes "up the street, in a big silver box with 12 boxes that is constantly broken into by the children in our neighborhood. A lot of times our mail goes to the post office. I've received other peoples' mail, and they have received mine." (N.T. of hearing of January 18, 1990, at 20-21.) Although defendant acknowledged that she did upon occasion receive mail addressed as were the suspension notices, she also testified that she frequently receives mail addressed to "Cedar Tree Apartments" whereas she lives in "Cedar Tree Court," which are two separate locations located approximately a quarter of a mile from each other.[3] She further testified that other people frequently get her mail and that she will get mail addressed to her which has been delivered to her neighbors if those neighbors happen to recognize

---

2. "Mailed letters do go astray for a variety of reasons. Criminal conviction requires proof beyond a reasonable doubt and that standard is not satisfied when one of the elements which must be proven is actual notice, and the only evidence presented is that a notice was mailed." *Commonwealth v. Kane, supra.*

3. The notices in this case were simply addressed to "Cedar Tree" without reference to either "Apartments" or "Court."

her name and make the effort to transmit that mail to her. These problems with her mail occur even when the mail is properly addressed and in this case the failure to specify "Court" as part of the address raises a question as to whether or not the suspension notices were correctly addressed. Even if we construe the address on the suspension notices to be correct, that evidence, standing alone as it does in this case, is insufficient to prove that this defendant received the specific notice of the particular suspension here in question.

In this case, we find that in fact the Commonwealth offered no probative evidence beyond the proof of mailing. But even if we were to consider that some of the other evidence offered did in fact bear on the issue of actual notice, that additional evidence is so slight that defendant's testimony as to lack of consistently correctly delivered mail takes on greater significance. When the Commonwealth's evidence on this issue is weighed against the defendant's testimony as to the difficulties which she has experienced in receiving mail, it is clear that as a matter of law the Commonwealth has failed to prove beyond a reasonable doubt that defendant had actual notice that her driver's license was under suspension at the time she was operating a vehicle in Pennsylvania, giving rise to the present charges against her.

As noted above, at the time defendant was stopped by Officer Sherman, she did not have in her possession any driver's license at all. Also, she admitted that she had spent 48 hours in jail as a result of a conviction of driving under the influence. At the conclusion of the trial, we inferred from those facts that defendant must have known her license was under suspension. Upon reflection, however, we conclude that there is insufficient nexus between

those facts and the fact required to be proved by the Commonwealth (actual knowledge of DUI-related suspension) to permit those facts to be probative on the ultimate issue. Since defendant is a Delaware resident and did not have a Delaware driver's license for reasons which, so far as this record is concerned, have nothing whatever to do with the legal underpinnings of a section 1543(b) violation, the lack of possession of that license simply adds nothing on the issue of proof of actual notice of a DUI-related suspension. The fact that defendant served 48 hours in jail for a DUI conviction is indubitably proof of her knowledge of her conviction, but that fact, likewise, adds little or nothing to the proof submitted by the Commonwealth on the issue of actual notice of license suspension. Thus, we ultimately are left with a situation in which the Commonwealth's only proof that defendant had actual notice that her license was under suspension was the proof submitted that the Pennsylvania Department of Transportation had mailed notices of the suspensions to defendant at her correct (or nearly correct) address. Our Supreme Court has held that such quantum of proof, without more, is insufficient as a matter of law to prove beyond a reasonable doubt the actual notice required to sustain this conviction, *Commonwealth v. Kane, supra.*

In *Commonwealth v. Taylor,* 390 Pa. Super. 571, 568 A.2d 1320 (1990), the Superior Court held that *Commonwealth v. Kane, supra:*

"[I]ndicates that not only must the Commonwealth prove actual notice of suspension, but also that evidence of suspension was mailed, standing alone, is insufficient to prove beyond a reasonable doubt that the defendant had actual notice of suspension." *Id.*

*Commonwealth v. Gray,* 356 Pa. Super. 299, 514 A.2d 621 (1986), cites *Commonwealth v. Kane, supra,* for the proposition that absent actual notice of suspension, conviction of a violation of section 1543(b) of the Vehicle Code "is not possible." *Id.* at 622. In the *Gray* case, the court further stated:

"In *Commonwealth v. Kane,* the Pennsylvania Supreme Court held that evidence of mailing of notice is admissible evidence but, standing alone, is not sufficient evidence to establish an element of a crime beyond a reasonable doubt. *Id.*

"We note that in *Kane,* evidence established that appellant's address typed on the notice of suspension was not the appellant's correct address. Therefore, it was more likely that the notice was mailed but not received." *Id.*

In *Commonwealth v. Taylor, supra,* the court held that the presumption that notice was received was not as strong when there was evidence that defendant no longer resided at the address to which his license was registered.[4] We view proof that mail delivery to a correct address is erratic in the same light. We construe defendant's testimony as to the sporadic nature of her receipt of mail as being similar to the evidence introduced in the *Kane* and *Taylor* cases, similarly leading to the conclusion that it was more likely that the notice was mailed but not received.

---

4. As to the effect of PennDOT's records not being current as to a driver's correct address for a driver obligated to keep PennDOT informed of such address, see *Commonwealth v. Heckman,* 404 Pa. Super. 335, 590 A.2d 1261 (1991), but that case is not applicable here for two reasons. First, there is no evidence in this case of any attempt by defendant to thwart receipt of actual notice and, second, this defendant is a resident of the State of Delaware and has never applied for or held a Pennsylvania driver's license. Therefore 75 Pa.C.S. §1515 does not apply to her.

It is true that notice of mailing *plus additional evidence* can be sufficient to demonstrate actual notice as in *Commonwealth v. Gray, supra,* wherein the court noted that evidence can be sufficient to prove actual notice when there is evidence that notice was mailed to the appellant "and additional evidence exists indicating that appellant received notice of suspension." *Id.* at 622. See also, *Commonwealth v. Martin,* 346 Pa. Super. 129, 499 A.2d 344 (1985); *Commonwealth v. Burkett,* 300 Pa. Super. 72, 445 A.2d 1304 (1982); and *Commonwealth v. Horney,* 365 Pa. Super. 152, 529 A.2d 1819 (1987). In each case in which a conviction of a violation of section 1543(b) is affirmed, there is some additional evidence bolstering the proof of mailing to raise that evidence to the level of proof beyond a reasonable doubt. In this case, however, there is no such additional evidence of any substance and, accordingly, we find that the Commonwealth has failed to prove beyond a reasonable doubt that defendant, Janice Mikulcik, had actual notice of the suspension of her driving privileges in Pennsylvania. Accordingly, we hereby enter the following

## ORDER

And now, June 25, 1991, defendant's motion in arrest of judgment is hereby granted.