333 A.2d 925
**COMMONWEALTH of Pennsylvania**
v.
**Jooseph H. KANE, also known as Joseph Kelly, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 29, 1973.

Decided March 18, 1975.

Calvin S. Drayer, Jr., Asst. Public Defender, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, 1st Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, App. Div., Norristown, for appellee.

584

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The appellant, Joseph H. Kane (also known as Joseph Kelly), was convicted in a nonjury trial of operating a motor vehicle while his operator's license was suspended. Act of April 29, 1959, P.L. 58 § 624, as amended 75 P.S. § 624. His sentence of two months to three years imprisonment was affirmed on appeal to the Superior Court. Appellant's petition for allowance of appeal to this Court was then granted.

Appellant contends that the evidence was insufficient to prove his guilt. We agree and reverse the judgment of sentence.

The appellant contends that the evidence was insufficient to establish one of the elements of the crime beyond a reasonable doubt. Specifically, he argues that the evidence was insufficient to establish that he had notice of the suspension of his operator's license. See Act of April 29, 1959, P.L. 58, § 618(b), as amended, 75 P.S. § 618(b). The prosecution introduced at trial an officially certified copy of appellant's records from the Bureau of Traffic Safety of the Department of Transportation. These records stated that on April 9, 1969, a notice of suspension was mailed to the appellant. There was no other proof that appellant had actual notice of his suspension.

It is important to note that the issue now being discussed is not whether evidence of mailing is *admissible evidence*, but whether admissible evidence of mailing, standing alone, is *sufficient evidence* to establish one of the elements of the crime *beyond a reasonable doubt*. The evidence of mailing was admissible because it was

some evidence probative of one of the essential elements of the crime. Admissibility, however, is not determinative of whether the evidence is sufficient to establish guilt beyond a reasonable doubt. The distinction is crucial. In a different but nonetheless helpful context, *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), pointed out that even though an inferred fact is *more likely than not* to follow from a proven fact, in a criminal case, the inference "must also satisfy the criminal 'reasonable doubt' standard if proof of the crime charged or an essential element thereof depends upon its use." Footnote 64, 394 U.S. at 36, 89 S. Ct. at 1548, 23 L.Ed.2d at 81. *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), a companion case to *Leary*, held that in a criminal case, an inference, upon which "proof of the crime charged or an essential element thereof depends," must be an inference which follows *beyond a reasonable doubt.*

We do not have before us an admissibility of evidence issue, nor are we faced with the same sufficiency of evidence issue presented in civil cases where the standard of proof is lesser than in criminal cases. *See Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963), *Cameron Estate*, 388 Pa. 25, 130 A.2d 173 (1957); *Thomas v. Employers L. Assur. Corp.*, 284 Pa. 129, 130 A. 322 (1925). *See also Commonwealth v. Valeroso*, 273 Pa. 213 at 223, 116 A. 828 at 831 (1922), which left undecided "the broad question [of] whether the mailing of a letter, postage prepaid, is prima facie evidence in a criminal case, that [the letter] was received by the person to whom it was addressed."

Although the inference which the prosecution contends can be drawn from the evidence in this case—an inference necessary for conviction—may be more likely than not to follow from the evidence presented, we are unable to conclude that the necessary inference follows beyond a reasonable doubt. The evidence, as we have indicated,

consisted of certified records from the Bureau of Traffic Safety. Although the records stated that a notice had been mailed, there was no other proof that appellant had actual notice of his suspension. There was no evidence of any certified or registered mail receipt from the appellant indicating that he had received the notice, nor was there any evidence that the appellant's operator's license was returned to the Bureau between April 9, 1969, the date of the mailing of the notice of suspension which contains instruction that the license be returned, and December 8, 1970, when the official records were certified. There was no evidence that the appellant resided at the address shown on the notice at the time the notice was mailed. Moreover, we note that the appellant's address typed on the notice of suspension was different from the appellant's address typed in two other places in the certified records. In those two places appellant's street address appears as "2424 Poplar Street." The notice of suspension mailed to appellant had a typed address of "2525 Poplar Street." The certified copy of that notice has a handwritten line drawn through the number 2525 and handwritten numbers 2424 were written next to the typed numbers. There is no evidence in the record indicating when the handwritten correction was made on the notice of suspension. Mailed letters do go astray for a variety of reasons. Criminal conviction requires proof beyond a reasonable doubt and that standard is not satisfied when one of the elements which must be proven is actual notice, and the only evidence presented is that a notice was mailed.

There is no need to consider other questions raised by the appellant.

Judgment of sentence reversed and a new trial granted.

EAGEN, J., concurs in the result.

JONES, C. J., and POMEROY, J., dissent.