514 A.2d 621

COMMONWEALTH of Pennsylvania

v.

Clinton E. GRAY, Appellant.

Superior Court of Pennsylvania.

Argued June 10, 1986.

Filed Sept. 5, 1986.

Jeremiah F. Kane, Assistant Public Defender, Yardley, for appellant.

Thomas J. Wagner, Assistant District Attorney, Phoenixville, for Commonwealth, appellee.

Before ROWLEY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal is from the judgment of sentence of ninety days' incarceration and $1,000 fine imposed by the Court of Common Pleas of Chester County upon appellant's conviction of driving while his license was suspended.[1] Post-verdict motions were filed and denied. Appellant raises one issue for our consideration: whether the trial court erred in finding that the Commonwealth had proved beyond a reasonable doubt that the appellant had received notice of suspension of his operator's license. We find that the trial court was not in error and, for the reasons stated below, we affirm.

On May 23, 1983, the Department of Transportation, Bureau of Traffic Safety Operations ("Bureau"), mailed an official notice to appellant telling him that as of October 6, 1983, his license would be suspended for one year for an alcohol test refusal. Bureau records also indicated that appellant's license had been suspended as of April 6, 1983, for a six-month period (running until October 6, 1983). On December 3, 1983, appellant was stopped by the Coatesville, Pennsylvania, police for a motor vehicle violation and was discovered to be driving while his license was under suspension.

■ Appellant argues that the mere fact that a notice of suspension had been mailed did not prove beyond a reasonable doubt that appellant had received actual notice of his suspension. *See Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). It is appellant's contention that he never received notice that his license was suspended for one year,

1. 75 Pa.Cons.Stat.Ann. Sec. 1543(b) (Purdon 1986).

effective October 6, 1983. Absent this notice, conviction under 75 Pa.Cons.Stat.Ann. Sec. 1543(b) is not possible. *See id.*

In *Commonwealth v. Kane,* the Pennsylvania Supreme Court held that evidence of mailing of notice is admissible evidence, but, standing alone, is not sufficient evidence to establish an element of a crime beyond a reasonable doubt. *Id.* We note that in *Kane,* evidence established that appellant's address typed on the notice of suspension was not the appellant's correct address. Therefore, it was more likely that the notice was mailed but not received. *Id.*

When notice is mailed to the appellant and additional evidence exists indicating that appellant received notice of suspension, then the evidence can be sufficient to prove actual notice. *Commonwealth v. Burkett,* 300 Pa.Super. 72, 445 A.2d 1304 (1982). In *Burkett,* notice was mailed to the appellant; appellant had returned his license to the Bureau; and appellant attempted to conceal his actions by removing himself from the driver's seat when his vehicle was pulled over by the police. This combination was held to be sufficient to prove actual notice. *Id.*

It is our concern in these cases that a driver convicted of driving while his license is suspended had actual notice of the suspension. We are concerned with the reliability of notice by mail, as there generally is no proof of actual receipt.[2] Before us now on appeal is the lower court holding that appellant had received notice of his suspension. The lower court has heard this case *de novo.* Therefore, our scope of review is to determine whether the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. *Commonwealth v. Gussey,* 319 Pa.Super. 398, 466 A.2d 219 (1983). We will not disturb the lower court action on appeal absent a manifest abuse of discretion. *Id.*

In the case at bar, we find that the trial court properly held that appellant had actual notice of his license

2. It is curious that the Bureau does not send a notice as important as a notice of suspension of driving privileges by certified or registered mail, where a return receipt can be used to show actual notice.

suspension. First, the Bureau mailed a notice of suspension to appellant at his correct address. Secondly, appellant had surrendered his license to the Bureau on April 6, 1983, in response to a notice of suspension of his license mailed to him at his correct address. Since appellant received actual notice of his April 1983 suspension by mail, it is likely that a second notice of suspension mailed to the same address was also received. Finally, appellant did not have his driver's license when he was stopped for a violation on December 3, 1983. This evidence indicates that appellant was aware that he was not allowed to drive. If appellant had no notice of a one-year suspension beginning on October 6, 1983, it is likely he would have sought the return of his license from the Bureau. Since appellant was driving without his license in December 1983, it indicates that appellant was aware of his legal inability to drive at that time. This additional evidence tending to prove appellant's actual notice of his license suspension, along with the evidence that a notice of suspension was mailed to appellant at his correct address, indicates that appellant received notice of his license suspension. Therefore, we are satisfied that the trial court properly found appellant guilty of a violation of 75 Pa.Cons. Stat.Ann. Sec. 1543(b). Accordingly, we affirm.

Judgment of sentence affirmed.