529 A.2d 18

**COMMONWEALTH of Pennsylvania**

v.

**James R. HORNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 20, 1987.

Filed July 27, 1987.

Robert C. Rowe, Lebanon, for appellant.

Rosamond A. Presby, Assistant District Attorney, Lebanon, for Com., appellee.

Before BECK, JOHNSON and CERCONE, JJ.

BECK, Judge:

This is a direct appeal from the judgment of sentence of a $200 fine and costs imposed on appellant's conviction of driving while his operator's license was suspended, 75 Pa. Cons.Stat.Ann. § 1543 (Purdon Supp.1986). Appellant raises one issue on appeal: whether the trial court erred in finding that the Commonwealth had proved beyond a reasonable doubt that appellant had received notice of suspension of his operator's license. We find that the trial court was not in error, and we affirm.

On or about October 10, 1985, appellant received a letter from the Pennsylvania Department of Transportation (PennDOT) requesting that he take a special driver's examination by November 9, 1985, in order to prevent his driver's license from being suspended.[1] Appellant appeared at the PennDOT examination center in Lebanon County approximately fifteen to twenty minutes prior to closing time on November 9, 1985. He was permitted to begin the examination but was not allowed to complete it since the examination center was closing for the day. Appellant was advised that he should telephone PennDOT in order to obtain another authorization letter to enable him to take the examination at a later date. Appellant made two calls a few days later but was unable to obtain an authorization letter. Thereafter, PennDOT mailed to appellant at his correct address a letter dated December 3, 1985, advising him that his driver's license would be suspended effective January 7, 1986, for his failure to pass the special driver's examination. Appel-

1. The record does not reveal why appellant was sent this letter.

lant denies having received this or any other notice that his license was suspended.

On January 28, 1986, appellant was stopped by the police. The officer, who knew appellant by sight, stopped him because the officer had previously received information that appellant's driving privilege had been suspended. When appellant could not produce his license, the officer made a radio check of appellant's driving record, which confirmed that appellant's license had been suspended effective January 7, 1986. The officer then issued a citation to appellant for driving under suspension. Subsequently, appellant contacted his present counsel, who obtained for him a letter authorizing him to take a test. Appellant then took and passed the driving test in February 1986.

Appellant was found guilty of driving under suspension by the district justice and appealed to the Court of Common Pleas of Lebanon County. Appellant was again found guilty at a bench trial on June 18, 1986, and the court imposed a fine of $200 and costs. Post-verdict motions were filed and denied, and the court issued an order dated November 3, 1986, ordering appellant to pay the fine imposed on June 18, 1986. This appeal followed.

Our scope of review of a trial de novo in the trial court is to determine whether the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. We will not disturb on appeal the findings of the trial court absent a manifest abuse of discretion. *Commonwealth v. Gray*, 356 Pa.Super. 299, 514 A.2d 621 (1986), allowance of appeal denied, 523 A.2d 345 (Pa.1987).

At issue before us is the trial court's finding that appellant had actual notice of the suspension of his operating privilege. Our Supreme Court has held that actual notice of suspension is an element of the offense of driving while operating privilege is suspended or revoked. *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). In *Kane*, the suspension was not sent to the last address supplied by the defendant to PennDOT. In *Kane*, the official records listed the defendant's address in two places

as "2424 Poplar Street", yet the suspension notice had a typed address of "2525 Poplar Street," an evident clerical error. The *Kane* Court thus held that proof, without more, of the mere mailing of a notice to any address whatever was not sufficient evidence of actual notice for conviction. *Id.*, 460 Pa. at 584–86, 333 A.2d at 926–27. Where there is additional evidence, however, the evidence may be sufficient to demonstrate actual notice. *Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985); *Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982).

We are faced with the question of whether the facts of the instant case constitute sufficient "additional evidence" of actual notice. Our courts have not fully defined the limits of the kinds of proof that are acceptable. In *Kane*, the Court suggested that a certified or registered mail receipt or evidence that the defendant had returned his license to PennDOT would be sufficient. In *Burkett*, this court relied on evidence that the defendant had returned his license to PennDOT and also that when stopped by the police, defendant attempted to conceal that he was the driver by switching seats with his passenger. In *Martin*, the defendant's driving record revealed that a suspension letter had been sent and a month later PennDOT had received an "affidavit". This court remanded for an evidentiary hearing as to the nature of the affidavit, noting that it was unable to determine whether the affidavit demonstrated actual notice of suspension.

This court's most recent consideration of this issue was in *Gray*. In *Gray*, the defendant was suspended for a second consecutive time, beginning on the termination of the previous suspension. Defendant had received notice of the prior suspension and had returned his license, which PennDOT still held. The court noted:

First, the Bureau mailed a notice of suspension to appellant at his correct address. Secondly, appellant had surrendered his license to the Bureau on April 6, 1983, in response to a notice of suspension of his license mailed to him at his correct address. Since appellant received

actual notice of his April 1983 suspension by mail, it is likely that a second notice of suspension mailed to the same address was also received. Finally, appellant did not have his driver's license when he was stopped for a violation on December 3, 1983. This evidence indicates that appellant was aware that he was not allowed to drive. If appellant had no notice of a one-year suspension beginning on October 6, 1983, it is likely he would have sought the return of his license from the Bureau. Since appellant was driving without his license in December 1983, it indicates that appellant was aware of his legal inability to drive at that time. This additional evidence tending to prove appellant's actual notice of his license suspension, along with the evidence that a notice of suspension was mailed to appellant at his correct address, indicates that appellant received notice of his license suspension.

*Gray*, 356 Pa.Super. at 300–02, 514 A.2d at 622–23.

The facts of the instant case are similar to those of *Gray*. In the instant case, the trial court summarized the facts as follows:

In the instant case we have more than the mere evidence that the suspension notice was mailed to the Defendant. We also have the Defendant's own admissions that he had received the October 10, 1985 letter which notified him that he had to take the special driver's examination by November 9, 1985 in order to keep his driver's license. This makes it very likely that he also received the letter mailed to his correct address on December 3, 1985.

We also have the Defendant's admission that he knew that he did not complete the examination on November 9, 1985. It does not take much thought to rationalize that one must complete a driver's test before one can pass it. The Defendant must have realized that he had not fulfilled the requirements for the retention of his license.

The Defendant also admitted that he did not immediately obtain another examination authorization letter and did

not take the examination until February of 1986. This also supports the inference that he knew that he had not yet fulfilled the requirements for keeping his license. Since the October 10, 1985 letter advised the Defendant that his license would be suspended for his failure to take the test, he must have known that his license had been suspended.

We find that this additional evidence tending to prove the Defendant's actual knowledge of his license suspension, together with the evidence that a notice was mailed to his correct address, fully supports the finding that the Defendant did have notice of his suspension and knew that he was driving under a suspended license on January 28, 1986.

█ We find that there is sufficient evidence in the record to support the trial court's conclusion that the Commonwealth had proved beyond a reasonable doubt that appellant had actual notice that his operating privilege was suspended. We conclude that the trial court did not abuse its discretion in making that finding. Accordingly, we affirm.

Judgment of sentence affirmed.