590 A.2d 1261

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Timothy S. HECKMAN, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1991.

Filed May 8, 1991.

Douglas B. Chester, Spring Mills, for appellant.

J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before JOHNSON, HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

This is an appeal from the judgments of sentence imposed upon Appellant after he was found guilty of two separate instances of driving under suspension and two violations concerning licenses. Timely filed post-verdict motions were granted in part and denied in part by the trial court. Appellant was sentenced to an aggregate term of ninety

days incarceration and a total of $1400 in fines. This direct appeal followed. We affirm.

The facts may be summarized as follows: On April 16, 1988, Trooper John Kruse of the Pennsylvania State Police stopped Appellant and cited him for speeding. At that time, Trooper Kruse ran a computer check on Appellant's driver's license, which revealed that Appellant's license was under suspension and that the suspension was possibly DUI-related. According to testimony, Trooper Kruse advised Appellant that his license was under suspension and refused to allow Appellant to drive away from the point where he had been stopped. Trooper Kruse also testified, however, that he was not sure of the status of Appellant's license at that time and had to verify it with the Pennsylvania Department of Transportation (PennDot). Thus, pursuant to the requirements set forth in 75 Pa.C.S.A. § 1543(d), Trooper Kruse sent to PennDot for a certified driving record in order to verify the suspension and determine the appropriate subsection of § 1543 under which to file his citation. Consequently, Trooper Kruse filed only a citation for speeding at that time, pending verification of the status of Appellant's driver's license.

On May 11, 1988, Trooper Kruse received a certified copy of Appellant's driving record which indicated an indefinite suspension beginning March 14, 1988, for failing to pass an exam. Based on this information, Trooper Kruse filed a driving under suspension citation against Appellant on May 12, 1988, pursuant to 75 Pa.C.S.A. § 1543(a). Appellant's certified driving record also showed a court ordered DUI/ARD suspension for thirty days, effective October 6, 1987, which included a notation that official notice was mailed on September 1, 1987. However, Trooper Kruse testified that since there was no indication on Appellant's record that this DUI/ARD suspension had not expired thirty days from its effective date, he had no reason to file a citation for driving under suspension with regard to the DUI/ARD suspension.

Also on May 11, 1988, Trooper Thomas Breon of the Pennsylvania State Police stopped Appellant and cited him

for speeding. Trooper Breon did not run a computer check on Appellant's license, and was thus unaware of its suspension. Later that evening, Trooper Breon learned from Trooper Kruse that Appellant's license had been indefinitely suspended, for failing to pass an exam, effective March 14, 1988. Based on this information, Trooper Breon filed citations against Appellant on May 16, 1988, for driving under suspension, *supra*, and violations concerning licenses, 75 Pa.C.S.A. § 1571(a)(1) and (4). Like Trooper Kruse, Trooper Breon testified that he believed Appellant's DUI/ARD suspension had terminated November 6, 1987, since the certified driving record did not indicate otherwise.

Appellant entered guilty pleas to the speeding violations and subsequently requested a magistrate's hearing on all of the remaining citations issued by Troopers Kruse and Breon. This hearing was originally scheduled for June 17, 1988. However, on June 16, 1988, counsel for PennDot advised the Commonwealth via telephone that Appellant was in fact under a DUI/ARD suspension due to the fact that Appellant had not relinquished his license until June 1, 1988. The Commonwealth relayed this information to Troopers Kruse and Breon and contacted the magistrate to request a continuance of the hearing for the purpose of awaiting receipt by the Troopers of more specific, supplemental information from PennDot sufficient to establish DUI-related suspension violations. Counsel who represented Appellant at that time agreed to the continuance. Troopers Kruse and Breon received documentation of this information on July 5, 1988, and used same as the basis to file supplemental driving under suspension citations against Appellant, pursuant to 75 Pa.C.S.A. § 1543(b).

Appellant's hearing before the magistrate took place on July 20, 1988. After presiding over Appellant's hearing, District Justice Ronald J. Horner rendered his decision on August 9, 1988. Appellant was convicted of the citations filed by Trooper Breon and found not guilty of the citations filed by Trooper Kruse. Appellant then appealed to the trial court on August 22, 1988, contending that his convic-

tion was barred by the statute of limitations under 42 Pa.C.S.A. § 5553(a) and that he did not receive notice that his license had been suspended. A non-jury trial, (summary appeal), was held on December 20, 1988. Although two citations had been dismissed by the District Justice, the trial court proceeded to try Appellant on all six citations filed. Appellant was found guilty on all six citations.

Timely post-verdict motions were filed by Appellant. The trial court, upon recognizing the fact that two citations had been dismissed by the District Justice, arrested judgment rendered in regard to them. Thus, the trial court ultimately found Appellant guilty of two counts of driving under suspension, pursuant to 75 Pa.C.S.A. § 1543(a) and § 1543(b), respectively, and one count each of violations concerning licenses, 75 Pa.C.S.A. § 1571(a)(1), and violations concerning licenses, 75 Pa.C.S.A. § 1571(a)(4).

Appellant first claims that his conviction under 75 Pa. C.S.A. § 1543(b) is barred by the applicable statute of limitations.[1] Section 5553(a) of the Judicial Code, 42 Pa. C.S.A., provides as follows:

(a) General rule.—Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense *or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.* (Emphasis added).

The above-emphasized language is at issue in the present case since it is clear that the § 1543(b) citation was issued more than thirty days after commission of the offense. Appellant argues that this language is likewise inapplicable since the citation was filed more than thirty

1. On appeal, Appellant seemingly argues that all four of the citations issued by Trooper Breon are barred by the applicable statute of limitations. The record reveals that Trooper Breon's citations filed under 75 Pa.C.S.A. § 1543(a), § 1571(a)(1) and § 1571(a)(4) were filed within five days of the date of the offense. Thus, the only possible basis for Appellant's statute of limitations claim is in regard to the § 1543(b) citation filed by Trooper Breon on July 7, 1988.

days after the DUI-related suspension was "discovered" by the police. Appellant supports this conclusion by presenting the following two arguments: The computer check run by Trooper Kruse in April, 1988, provided a legal basis for the filing of § 1543(b) citations under the rationale of *Commonwealth v. Larson*, 299 Pa.Super. 252, 445 A.2d 550 (1982) and, alternatively, that if "discovery" did not occur at that time, it occurred no later than May 11, 1988, when Trooper Kruse received Appellant's certified driving record and showed it to Trooper Breon. Appellant further states that if the certified driving record was misinterpreted by the Troopers as not providing a basis for the filing of a § 1543(b) violation, he cannot be held accountable because they should have "discovered" such basis.

Appellant's reliance on *Commonwealth v. Larson, supra,* in support of his first argument is misplaced since it was decided prior to the amendment of § 1543(b). In *Larson,* this Court held a charge of operating while under a DUI-related suspension should have been dismissed because it was filed beyond the thirty-day limitation period from the date of the offense, on the rationale that the officer in that case could have filed the DUI-related citation on the basis of the computer check, which indicated a "suspension", and, thereafter, if the certified driving record had not been received by the time of the scheduled hearing, a continuance could then be requested. *Larson,* therefore, suggests that a police computer check would not suffice in lieu of a certified driving record as proof of the suspension at the time of the hearing. *Larson* was also decided at a time when all suspensions, regardless of the underlying reason therefor, were grouped under the equivalent of what would now be a § 1543(a) violation. Subsequently, § 75 Pa.C.S.A. § 1543(b) was enacted which specifically dealt with DUI-related suspensions.

Following enactment of § 1543(b), several trial court decisions held that, where only a § 1543(a) citation was filed at the time of the offense, absent an amendment or supplemental citation filed prior to the hearing, a defendant could

be neither convicted at the hearing of a § 1543(b) violation, nor subject to its mandatory penalties, even where information obtained subsequent to the original filing established that § 1543(b) was applicable. *See e.g., Commonwealth v. Lambert,* 28 D. & C.3d 339 (Northampton Co. 1983); *Commonwealth v. Chapman,* 39 D. & C.3d 360 (Clinton Co. 1983). In an apparent response to these cases, the Pennsylvania Legislature, in 1987, enacted 75 Pa.C.S.A. § 1543(d) which provides:

> **(d) Citation of appropriate subsection.**—Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis of the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

Appellant argues that the Troopers in the present case could have satisfied the verification requirement of the above subsection by phone or a personal visit to PennDot. Our research has failed to uncover an appellate case which interprets the verification requirement of this subsection. However, as stated above, even at the time *Commonwealth v. Larson, supra,* was decided, a certified driving record was the verification required in order to prove the suspension. Thus, we hold that the verification required under this subsection is the receipt of a certified driving record from PennDot.

Appellant next argues that the discovery of the offense occurred when Trooper Kruse received his certified driving record from PennDot and relayed the information concerning the suspension to Trooper Breon on May 11, 1988. In *Commonwealth v. Parfitt,* 286 Pa.Super. 279, 428 A.2d 991 (1981), this Court held that a driver could not be convicted of driving under suspension during any period between the expiration of an actual suspension period and the physical restoration of the driver's license, noting that the words "and before such operating privilege has been reinstated," found in the Vehicle Code of 1959, 75 P.S. § 624(b), had not

been incorporated into 75 Pa.C.S.A. § 1543. Another panel of this Court felt constrained to reach this same result in *Commonwealth v. Fay*, 320 Pa.Super. 399, 467 A.2d 384 (1983).

In apparent response to *Parfitt* and *Fay*, the Pennsylvania Legislature, in 1986, amended 75 Pa.C.S.A. § 1543(a) to add the language "and before the operating privilege has been restored." However, this same language was not added to § 1543(b). Therefore, a driver still cannot be convicted of driving under suspension, DUI-related, once the actual time period of the DUI-related suspension has expired. Thus, by the terms of the suspension itself, it expires on the thirtieth day of the physical receipt of the license by PennDot. However, this expiration date assumes the fact that the license has been surrendered in a timely manner. This did not occur in the present case. Indeed, it was not until June 1, 1988, after Appellant had been pulled over by both Troopers Kruse and Breon, and had been informed by the former that his license was under suspension, that Appellant went to Harrisburg to discover the status of his license and subsequently surrender it to Penn-Dot.

Due to the fact that Appellant had his license in his possession when he was first stopped by Trooper Kruse,[2] and the fact that the certified driving record received and reviewed by the Troopers on May 11, 1988, indicated an indefinite suspension for failing to pass an exam and a DUI-related suspension of thirty days, effective October 6, 1987, there was no indication on the record that Appellant had not surrendered his license in regard to the DUI-related suspension and, therefore, that the DUI-related suspension had not expired on November 6, 1987. Thus, without such documentation, the only citation which properly could be filed was a § 1543(a) citation. This is precisely what both Troopers filed. It was not until June 17, 1990, when the District Attorney's Office relayed information received from counsel

**2.** Appellant also had his license in his physical possession when he was stopped by Trooper Breon.

for PennDot that Appellant had not surrendered his license, that the Troopers "discovered" the true status of Appellant's license. Therefore, June 17, 1990, the date upon which they received supplemental documentation from PennDot, must be treated as the discovery date for purposes of § 5553, *supra*, and, consequently, the § 1543(b) citation issued by Trooper Breon was filed in a timely manner.

■ An alternative basis to support Appellant's § 1543(b) conviction, which was not addressed by either Appellant or the Commonwealth, is the fact that the statute of limitations for the § 1543(b) citation was tolled by Trooper Breon's timely filing of the other citations. In *Commonwealth v. Alessi*, 389 Pa.Super. 497, 567 A.2d 713 (1989), the defendant was stopped by a police officer on September 18, 1986. The officer then ran a computer check of the defendant's driver's license and found it to be under suspension. The officer issued a citation with the District Justice on that same day. On September 23, 1986, the officer received formal verification of the license suspension from the Bureau of Motor Vehicles, specifying the nature of the suspension. The District Justice then issued a summons on October 26, 1986. Defendant thereafter moved to quash the citation as time-barred by the thirty-day limitation of § 5553(a), *supra*. This Court held that for purposes of § 5553(a), once the investigating officer has filed the citation with the issuing authority, proceedings have commenced and the statute of limitations is tolled.

In reaching this conclusion, this Court in *Alessi* cited to Pa.R.Crim.P. 60 which provides as follows:

When it is not feasible to issue the citation to the defendant *or when evidence is discovered after the issuance of a citation that gives rise to additional summary charges against the defendant resulting from the same incident,* a law enforcement officer shall institute a criminal proceeding in a summary case by filing a citation with the proper issuing authority.

Pa.R.Crim.P., Rule 60, 42 Pa.C.S.A. (emphasis added). In the present case Trooper Breon filed three citations, including a driving under suspension citation under § 1543(a), within five days of the date of the offense. Their discovery that the DUI-related suspension had not expired due to Appellant's failure to surrender his license constitutes evidence which was discovered after the issuance of the original citations and arose from the same traffic stop. Therefore, the subsequently filed § 1543(b) citation is not time-barred because the applicable statute of limitations had been tolled by the filing of the prior citations. Thus, Appellant's first claim is without merit.

■ Appellant next claims that his license was not under a DUI-related suspension when he was stopped by the Troopers. Seemingly, Appellant boldly argues that the DUI-suspension expired even though he had not surrendered his license to PennDot. Initially, we note that this issue was not raised at trial or in post-trial motions and is, therefore, not preserved for appellate review. *Commonwealth v. Cook*, 377 Pa.Super. 356, 547 A.2d 406 (1988). In any event, Appellant's claim is patently frivolous. Section 1541 of the Vehicle Code provides in pertinent part:

(a) **Commencement of period.**—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to surrender of license) [ ("suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of the surrender of the license to the court or district attorney, whichever shall first occur.") ]. *No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be.*

75 Pa.C.S.A. § 1541(a) (emphasis added). Thus, in the present case, Appellant had not earned any credit toward the completion of either of the suspensions at the time of

the stops for speeding since he had the license in his physical possession on both occasions.[3]

█ The final issue raised by Appellant is that the Commonwealth failed to prove that he had actual notice that his license was suspended. Thus, Appellant claims that the Commonwealth failed to present sufficient evidence to support his convictions. In *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975), our Supreme Court held that evidence that a notice of suspension had been mailed alone was not sufficient to prove beyond a reasonable doubt that the defendant had actual notice of his suspension. In *Kane*, the notice of suspension was not sent to the defendant's address of record with PennDot, but instead, due to a typographical error, was sent to a wrong address at which the defendant had never resided. Subsequent cases, however, have held that the Commonwealth proved actual notice where additional evidence which would infer notice was presented. *See e.g. Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982) (evidence that the defendant had surrendered license and attempted to conceal he was driving by removing himself from the driver's seat was found probative of actual notice); *Commonwealth v. Gray*, 356 Pa.Super. 299, 514 A.2d 621 (1986), *alloc. den'd.* in 514 Pa. 638, 523 A.2d 345 (1987) (evidence that the notice had been mailed to his correct address and the fact that the defendant had previously surrendered his license in response to notice mailed to him at the same address was found probative of actual notice); *Commonwealth v. Horney*, 365 Pa.Super. 152, 529 A.2d 18 (1987) (evidence that notice was mailed and defendant's admission that he received prior notice, mailed to same address, notifying him to take a special exam in order to keep his license and the fact that he knew he did not complete exam, found probative of actual notice).

3. Accordingly, Appellant's DUI-related suspension became effective on October 6, 1987, and did not expire until July 1, 1988, thirty days after Appellant's surrender of his license to PennDot on June 1, 1988. *See gen. Commonwealth v. MacSherry*, 371 Pa.Super. 164, 537 A.2d 871 (1988).

Recently, a panel of this Court in *Commonwealth v. Taylor*, 390 Pa.Super. 571, 568 A.2d 1320 (1990), held that the Commonwealth did not prove actual notice of a license suspension where there was unrebutted evidence that the defendant no longer resided at the address to which his license was registered. The panel decision in *Taylor* does not reveal whether the defendant had notified PennDot of his change of address as required under 75 Pa.C.S.A. § 1515. *See also Commonwealth v. Gamble*, 376 Pa.Super. 590, 546 A.2d 681 (1988). Unrebutted evidence was presented in the case *sub judice* that Appellant had failed to notify PennDot. More specifically, evidence was presented that all of the PennDot suspension notices and all of the citations filed by the Troopers on May 12 and May 16, 1988 were sent to Appellant's address of record with PennDot.[4]

There was no evidence that PennDot sent its notices to an address at which Appellant had never resided. Appellant, who had moved from the address of record with PennDot in 1986, testified that, apart from the two PennDot suspension notices, he had never experienced difficulties in having his mail transferred or delivered to him at this new address. Evidence was also presented that the two PennDot notices were returned "unclaimed." This evidence reveals not only an attempt to thwart receipt of actual notice by failing to notify PennDot of a new address, a summary violation in itself, but is also probative evidence, as in *Commonwealth v. Gray, supra,* of actual notice.[5] Thus, we today hold that when a defendant fails to notify PennDot of a change in address pursuant to 75 Pa.C.S.A. § 1515, the defendant cannot rely on this violation of the law to insulate him from

**4.** The July 7, 1988, § 1543(b) citation was sent to Appellant's current address. A review of the record reveals that it was the magistrate's secretary, a person with whom Appellant was acquainted, who updated the address on the pertinent documents.

**5.** The trial court found it significant that Appellant readily received other mail that was mailed to his prior address. We also note that Trooper Kruse's informing Appellant that a computer check of his license indicated that it was suspended provided some evidence of notice to Appellant.

more serious violations by claiming lack of actual notice.[6] Judgments of sentence are affirmed.

**6.** The Commonwealth also argues that *Commonwealth v. Kane, supra,* is inapplicable to the notice issue since the facts in that case arose under the now repealed Vehicle Code of 1959 which provided that driving under suspension was a misdemeanor. Under the present Vehicle Code, driving under suspension is a summary offense. The Commonwealth then argues, citing 18 Pa.C.S.A. § 305, that the requirement of culpability does not apply to summary offenses unless culpability is included in the definition of the offense or where the court determines that its application is consistent with the effective enforcement of the law defining the offense. While we agree that § 1543(b), *supra,* does not include a culpability requirement in its definition, we cannot agree that such a requirement is "patently inconsistent" with effective enforcement of driving under suspension. Thus, while we today hold that where a defendant's own conduct renders actual notice impossible, the defendant cannot use such lack of notice as a shield to other, more serious violations, we do not hold that actual notice of suspension is no longer necessary.