CERCONE, Judge:
 

 This is a direct appeal from the judgment of sentence entered by the lower court after appellant, Albert B. Minor,
 
 *37
 
 was convicted of driving while his operator’s license was suspended or revoked for a DUI-related offense.
 
 [1]
 
 We affirm.
 

 District Justice Douglas Weimer found appellant guilty of the summary offense of driving while operating privileges are suspended, DUI-related. Appellant requested a trial
 
 de novo
 
 which was held before the Honorable Richard E. McCormick, Jr., who found appellant guilty. Judge McCormick denied appellant’s post-verdict motions and subsequently sentenced appellant to serve ninety (90) days imprisonment and to pay a fine of one thousand dollars ($1,000). The instant timely appeal followed in which appellant raises one issue: whether the trial court erred as a matter of law when determining that appellant’s failure to provide the Department of Transportation with a current address precluded his reliance on the defense of lack of notice.
 

 The heart of appellant’s argument is the claim that he was entitled to actual notice of the underlying suspension, despite the fact that he had failed to provide the Department of Transportation with his correct mailing address. This argument is premised upon the Pennsylvania Supreme Court’s ruling that a defendant must receive actual notice that his operating privileges have been suspended or revoked before he may be convicted of the secondary offense of driving while those privileges are under suspension.
 
 Commonwealth v. Kane,
 
 460 Pa. 582, 333 A.2d 925 (1975). The Commonwealth may not satisfy this requirement merely by introducing evidence of the fact that the Department of Transportation sent a suspension notice to the defendant via first class mail.
 
 Id.
 
 at 586, 333 A.2d at 927.
 

 Subsequent to
 
 Kane,
 
 several appellate cases have clarified the Supreme Court’s decision by holding that the Commonwealth proved “actual notice” where additional evidence was presented which merely
 
 implied
 
 actual notice.
 
 [2]
 
 In
 
 Common
 
 
 *38
 

 wealth v. Heckman,
 
 404 Pa.Super.
 
 335, 590
 
 A.2d 1261 (1991), a panel of this court explicitly discussed the Pennsylvania Motor Vehicle Code’s requirement that motorists apprise the Department of Transportation regarding any address changes.
 
 Id.
 
 at
 
 346, 590
 
 A.2d at 1266 (citing 75 Pa.C.S.A. § 1515). The
 
 Heckman
 
 court held that “when a defendant fails to notify PennDOT of a change in address pursuant to 75 Pa.C.S.A. § 1515, the defendant cannot rely on this violation of the law to insulate him from more serious violations by claiming lack of actual notice.”
 
 Id.
 
 at 346-46, 590 A.2d at 1267.
 

 In the instant case, the. arresting officer testified that he observed appellant fail to obey a solidly red traffic light, and therefore stopped him to issue a citation. N.T. 9/13/93 at 4. Appellant presented an expired operator’s license to the officer.
 
 Id.
 
 at 5. The officer thereupon checked appellant’s operator’s number and learned that appellant’s license had been seized and suspended for a DUI-related offense.
 
 Id.
 
 The address on the expired license did not correspond with the address listed on the certified driver’s record; and neither matched the location appellant gave as his current address.
 
 Id.
 
 at 8-12.
 

 Judge McCormick explained the evidence admitted at trial in the following manner:
 

 The Commonwealth introduced the certification statement of the Department of Transportation indicating the suspension notice herein was mailed to the defendant on February 20, 1992, to AP8244, Drawer A, Old Route 22, Cresson, Pa 16630. We know that that address was the State Correctional Facility at Cresson, where the defendant was incarcerated for a period of time. Unfortunately, after he was
 
 *39
 
 paroled from his incarceration, he failed to notify the Department of Transportation of his change of address, as required by 75 Pa.C.S. § 1515, wherein such notification of change of address is required within 15 days of the change.
 

 Trial court opinion docketed January 27, 1994 at 13-14. In light of all this evidence that appellant had not provided the Department of Transportation with his current address, Judge McCormick found that appellant was precluded from presenting the defense that he lacked actual notice of the underlying suspension. We find this ruling to be correct and in conformity with
 
 Commonwealth v. Heckman, supra.
 

 [3]
 

 Judgment of sentence affirmed.
 

 [1]
 

 . 75 Pa.C.S.A. § 1543(b).
 

 [2]
 

 .
 
 See, e.g., Commonwealth v. Horney,
 
 365 Pa.Super. 152, 529 A.2d 18 (1987) (notice requirement met where evidence was presented that notice was mailed and defendant admitted that he had received prior notice mailed to same address apprising him that he was required to
 
 *38
 
 take special examination prior to reissuance of license);
 
 Commonwealth v. Gray,
 
 356 Pa.Super. 299, 514 A.2d 621 (1986),
 
 appeal denied,
 
 514 Pa. 638, 523 A.2d 345 (1987) (notice was sufficient when mailed to correct address and defendant had previously surrendered his license in response to notice mailed to him at same address);
 
 Commonwealth v. Burkett,
 
 300 Pa.Super. 72, 445 A.2d 1304 (1982) (defendant had surrendered license and attempted to conceal fact he was driving by removing himself from driver’s seat).
 

 [3]
 

 . We are cognizant of the fact that appellant believes he is entitled to relief because of sentiments expressed in the opinions in support of reversal in
 
 Commonwealth v. Warrenczuk,
 
 534 Pa. 623, 633 A.2d 1167 (1993) ,
 
 cert. denied,
 
 - U.S. -, 114 S.Ct. 1854,
 
 128
 
 L.Ed.2d 478 (1994) and
 
 Commonwealth v. McDonough,
 
 533 Pa. 283, 621 A.2d 569 (1993). Both cases are plurality decisions by an equally divided Pennsylvania Supreme Court. It is well-settled that plurality opinions do not have precedential authority.
 
 Commonwealth v. Bracero,
 
 325 Pa.Super. 494, 590 n. 3, 473 A.2d 176, 179 n. 3 (1984),
 
 aff’d,
 
 515 Pa. 355, 528 A.2d 936 (1987). Non-majority decisions of the Pennsylvania Supreme Court are not binding on lower courts.
 
 Commonwealth v. Davenport,
 
 462 Pa. 543, 559 n. 3, 342 A.2d 67, 75 n. 3 (1975);
 
 Commonwealth v. Mignogna,
 
 401 Pa.Super. 188, 195 n. 1, 585 A.2d 1, 4 n. 1 (1990),
 
 appeal denied,
 
 530 Pa. 660, 609 A.2d 167 (1992).
 
 Accord Commonwealth v. Covil,
 
 474 Pa. 375, 378 A.2d 841 (1977) (opinion in support of affirmance had no precedential value where it was adopted by only three of six justices, and could be cited only for its persuasive value). Unless or until a majority decision of the Pennsylvania Supreme Court decides otherwise,
 
 Commonwealth v. Heckman, supra
 
 constitutes viable precedent.