COMMONWEALTH of Pennsylvania, Appellee,

v.

Robert John RANKIN, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 26, 1998.

Filed June 9, 1998.

---

Paul G. Campbell, Lancaster, for appellant.

William H. Graff, Jr., Assistant District Attorney, York, for the Commonwealth, appellee.

Before POPOVICH and MUSMANNO, JJ., and CIRILLO, President Judge Emeritus.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of York County, following appellant's conviction on the charge of driving while operating privilege is suspended or revoked. 75 Pa.C.S.A. § 1543(a). Herein, appellant contends that the lower court erred in failing to dismiss the charge since the prosecution was barred by the applicable statute of limitation, 42 Pa.C.S.A. § 5553(a). The resolution of this issue is centered upon the interplay of the 42 Pa.C.S.A. § 5553(a) and 75 Pa.C.S.A. § 1543(d). Upon review, we find that this prosecution was not barred by the applicable statute of limitations, and, accordingly, we affirm.

Herein, the record reveals the following facts which are relevant to our inquiry of whether the citation against appellant was timely filed by the police. On September 16, 1995, appellant and Patricia Lindamood were involved in a car accident. Neither appellant nor Ms. Lindamood contacted the police at the time of the accident, and both left the scene. However, before leaving the accident site, Ms. Lindamood obtained appellant's name, driver's license number, vehicle registration and auto insurance information.

Later that same day, Ms. Lindamood reported the accident to Officer Scott Altland of the Springettsbury Township Police Department and provided Officer Altland with appellant's name and operator's license number. Officer Altland then checked appellant's operator's license number through his police radio and learned that appellant's license was suspended. The following day, Officer Altland contacted the State Police at the Lancaster Barracks and requested that they confirm appellant's driver's license information. Later that day, the State Police confirmed the information.

Eventually, on October 10, 1995, Officer Altland spoke to appellant over the telephone, and appellant admitted to his involvement in the accident. Immediately thereafter, Officer Altland requested a certified copy of appellant's driving record from the Pennsylvania Department of Transportation (hereafter "DOT"). Officer Altland received the certified copy "a week to two weeks"

later. On November 8, 1995, Officer Altland filed a citation against appellant for his violation of 75 Pa.C.S.A. § 1543, with the district magistrate.

On November 14, 1995, a summons was issued against appellant, and the summons was delivered to appellant the following day by certified mail. Appellant was convicted of the offense, and appellant filed a summary appeal. Following his trial *de novo*, appellant was convicted of driving while his operator's license was suspended. Following imposition of sentence, appellant filed this timely appeal.

Herein, appellant contends that the lower court erred in failing to dismiss the charge against him because the prosecution was barred by the applicable statute of limitation, 42 Pa.C.S.A. § 5553(a). Specifically, he contends that the lower court erred in ruling that appellant's summary citation was issued in a timely manner since the citation was filed and issued more than thirty days after the discovery of both the commission of the offense and the identity of the offender on September 16, 1995.

In response to appellant's statute-of-limitations argument, the lower court determined that Officer Altland did not discover the identity of the offender until October 10, 1995, when appellant admitted his involvement to the officer. Trial Court Opinion, p. 4. The lower court then reasoned that the filing of the citation on November 8, 1995, was timely because it occurred within thirty days of the date when Officer Altland confirmed that appellant was the driver during their telephone conversation. Trial Court Opinion, pp. 4–5. The lower court, citing 75 Pa.C.S.A. § 1543(d) and *Commonwealth v. Heckman*, 404 Pa.Super. 335, 340–42, 590 A.2d 1261, 1264 (1991), also noted that the officer could not file the citation until he actually received the certified copy of appellant's driving record from DOT. Trial Court Opinion, pp. 3–4.

As previously stated, the issues in this appeal are centered upon the interplay of 42 Pa.C.S.A. § 5553(a) and 75 Pa.C.S.A. § 1543(d). Presently, appellant was charged with driving while his license was suspended,

75 Pa.C.S.A. § 1543(a), which is a summary violation of the Motor Vehicle Code. The applicable statute of limitations to summary offenses involving vehicles is set forth in 42 Pa.C.S.A. § 5553(a), which provides:

Except as provided in subsections (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.

Consequently, in this appeal, the question we must answer is when the "discovery" of the commission of the offense or the identity of the offender occurred.

Appellant argues that the commission of the offense and the identity of the offender were both discovered, at the latest, on September 17, 1995, after Ms. Lindamood provided Officer Altland with appellant's license and auto information and the officer learned appellant's license was suspended. Thus, appellant submits the prosecution was untimely since the citation was not filed until November 8, 1995, more than thirty days after the discovery of both the offense and the identity of the perpetrator. To the contrary, the lower court concluded that prosecution was not time-barred since the officer filed the citation within thirty days of learning the identity of the offender on October 10, 1995, when appellant admitted his involvement during a telephone conversation with the officer.

Upon review, we must reject the lower court's conclusion that Officer Altland learned the identity of the offender on October 10, 1995. Nevertheless, we agree that the citation was timely filed within thirty days of the "discovery of the commission of the offense or the identity of the offender." Herein, we find that discovery of the commission of the offense *and* the identity of the offender took place simultaneously when Officer Altland received appellant's certified driving record "a week or two weeks" after his telephone conversation with appellant on October 10, 1995.[1] Thus, the prosecution

---

1. Discovery of both the commission of the offense and the identity of the offender took place

was commenced in a timely manner within thirty days of the discovery of the commission of the offense and the identity of the offender by the filing of the citation with the district magistrate on November 8, 1995.

While our decision today may be viewed as creating a legal fiction in regard to the "discovery" of the commission of the offense and, under the facts of this case, the identity of the offender, it is mandated by the application of 75 Pa.C.S.A. § 1543(d) to the facts of this case. 75 Pa.C.S.A. § 1543(d), states:

> Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

In *Heckman,* 404 Pa.Super. at 341, 590 A.2d at 1264, we held "that the verification required under this subsection is the receipt of a certified driving record from PennDot." *See also Commonwealth v. Geyer,* 546 Pa. 586, 592–94, 687 A.2d at 815, 818 (1996).

■ In *Geyer, supra,* our supreme court was faced with the question of when did the police officer know that Geyer was driving with a suspended license for the purposes of 18 Pa.C.S.A. § 110.[2] Therein, the state trooper issued Geyer a citation for speeding on June 25, 1993, and Geyer told the officer that his license was suspended. Later, Geyer pleaded guilty to the speeding violation and paid the fine by mail. The district justice accepted the plea on July 7, 1993. Meanwhile, the state trooper requested Geyer's certified driving record from DOT. On July 2, 1993, DOT issued a certified driving record indicating that Geyer's license was suspended. On July 13, 1993, the officer issued a citation to Geyer for driving while his operating privileges were suspended.

Geyer, citing 18 Pa.C.S.A. § 110, argued that the prosecution for driving while his operating privilege is suspended was barred by the Commonwealth's failure to prosecute both his speeding citation and his driving while operating privilege is suspended citation in the same proceeding. *Geyer,* 546 Pa. at 588–90, 687 A.2d at 816. Our supreme court rejected Geyer's argument stating:

> [75 Pa.C.S.A. § 1543(d)] has properly been interpreted as requiring the officer to verify the status of the driver's license with DOT before issuing a citation for driving while operating privileges are suspended. *Commonwealth v. Heckman,* 404 Pa.Super. 335, 590 A.2d 1261 (1991). Thus, *because the officer had not received DOT verification of Geyer's license suspension, the second offense was not "known" to him when he cited Geyer for the speeding violation.* Therefore, Section 110 does not bar the subsequent prosecution for driving with a suspended license.

*Geyer,* 546 Pa. at 594, 687 A.2d at 818 (footnote omitted) (emphasis added).

■ Since our supreme court held in *Geyer, supra,* that a police officer does not "know" a person has committed the offense of driving with a suspended license in violation 75 Pa.C.S.A. § 1543(a), *until the officer has received DOT verification of the suspect's license suspension,* we similarly hold that, for the purposes of the statute of limitations, 42 Pa.C.S.A. § 5553(a), a police officer does not "discover" the commission of the offense of driving with a suspended license until the officer has received the suspect's certified driving record.

■ In rendering our decision, we are aware that, generally, "discovery" of the offense for the purposes of beginning the time period for commencing a prosecution for a summary violation of the Vehicle Code is not when the officer completes his investigation but, rather, is when the evidence supports,

---

simultaneously because, as logic dictates, there can be no offender without an offense.

**2.**  18 Pa.C.S.A. § 110, is the legislative enactment of the compulsory joinder rule set forth by our supreme court in *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, *vacated,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (*Campana I*),

*on remand,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (*Campana II*). Basically, the statute requires the prosecution to bring, in a single proceeding, all *known* charges against a defendant arising from a single criminal episode. *See Geyer,* 546 Pa. at 588–92, 687 A.2d at 816–817.

with reasonable certainty, the conclusion that the suspect has committed the offense. *Commonwealth v. Vergotz*, 420 Pa.Super. 440, 447–49, 616 A.2d 1379, 1383–84 (1992); *Commonwealth v. Hilfiger*, 419 Pa.Super. 450, 454–56, 615 A.2d 452, 454 (1992); *Commonwealth v. Matthews*, 286 Pa.Super. 474, 429 A.2d 37 (1981). Under this general rule, without consideration of the effect of 75 Pa. C.S.A. § 1543(d) on 42 Pa.C.S.A. § 5553(a), it is arguable that Officer Altland knew of the commission of the offense and the identity of the offender no later than September 17, 1995, after Ms. Lindamood had provided the officer with appellant's operator's license number and vehicle information and the officer learned of appellant's license suspension. However, because of the effect of 75 Pa. C.S.A. § 1543(d), we are certain that Officer Altland did not possess the evidence necessary *to file* the citation for driving with a suspended license against appellant until he received appellant's certified driving record from DOT in late October of 1995. Accordingly, Officer Altland did "commence" this suit within thirty days of the discovery of the commission of the offense and the identity of the offender when he filed the charges *sub judice* on November 8, 1995.

▮ Appellant also argues that Officer Altland should have issued appellant a citation to toll the statute of limitations and later, after receiving the certified driving record from DOT, should have filed a citation setting forth the appropriate subsection of the driving with a suspended license subsection. *See Commonwealth v. Elisco*, 446 Pa.Super. 291, 294–96, 666 A.2d 739, 741 (1995). We certainly agree that summary proceedings may be commenced by issuing a citation to the defendant or filing a citation. Pa.R.Crim.P. 51; *Commonwealth v. McGinley*, 386 Pa.Super. 547, 549–51, 563 A.2d 518, 519–20 (1989) (in addition, summary proceedings may be initiated by filing a complaint or arresting without a warrant when arrest is

specifically authorized by law). However, appellant ignores the fact that it was not feasible in this case for Officer Altland to issue the citation to appellant because appellant was not present when the officer received the information indicating that appellant had committed a summary violation. *See* Comment to Pa.R.Crim.P. 60. Consequently, the officer's sole method of commencing the present prosecution was limited to filing the citation with the issuing authority. Pa.R.Crim.P. 60. Since, in accordance with 75 Pa.C.S.A. § 1543, the officer could not file the citation until he received a certified copy of appellant's driving record, there was no available means for Officer Altland to "commence" this prosecution other than by filing the citation with the issuing authority after receiving the certified driving record. Consequently we hold that the officer properly commenced this prosecution pursuant to 42 Pa.C.S.A. § 5553(a), within thirty days of the discovery of the commission of the offense when he filed the citation on November 8, 1995.[3]

In addition, we are aware of appellant's concern that our ruling today has the potential to eviscerate the statute of limitations, 42 Pa.C.S.A. § 5553(a), which requires that the prosecution of the summary offense of driving with a suspended license must be commenced within thirty days of the discovery of the commission of the offense or the identity of the offender. Clearly, under our ruling today, a police officer could, in effect, stay a prosecution for driving with a suspended license by simply not requesting the suspect's driving record from DOT for a protracted period of time. However, contrary to appellant's assertion, the police officer could not effect an "indefinite" delay of the prosecution because "[n]o proceeding shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense." 42 Pa.C.S.A.

---

**3.** Appellant also appears to contend that the prosecution is barred by the statute of limitation because the district magistrate did not issue a summons in this matter until November 14, 1995, which was more than thirty days after October 10, 1995, the date that the lower court determined to be the date on which Officer Altland discovered the identity of the offender.

However, it is clear that the filing of the citation on November 8, 1995, tolled the statute of limitations, and the length of time used by the issuing authority to issue the summons is immaterial to the operation of 42 Pa.C.S.A. § 5553(a). *Commonwealth v. Alessi*, 389 Pa.Super. 497, 498–500, 567 A.2d 713, 714 (.1989).

§ 5553(e). Thus, the legislature has both anticipated the potential of lengthy police investigations and insured that the prosecution of a summary vehicle offense will nevertheless be completed within two years from the actual commission of the offense, *not* the discovery of the commission of the offense or the identity of the offender. *Hilfiger,* 419 Pa.Super. at 454–58, 615 A.2d at 454–55; *Commonwealth v. Quinn,* 405 Pa.Super. 487, 592 A.2d 1316 (1991) (*en banc*), *allocatur denied,* 529 Pa. 619, 600 A.2d 535 (1991) (summary prosecution for vehicle violation must be completed within two years from commission of offense, except statute of limitation is tolled during those periods of delay which are attributable to the defendant).

In conclusion, we find that Officer Altland commenced the prosecution of appellant in a timely manner by filing the citation for driving with a suspended license within thirty days of the date on which he received a certified copy of appellant's driving record, i.e., the date on which the "discovery of the commission of the offense" took place. Our decision today is mandated by the effect of 75 Pa.C.S.A. § 1543(d) upon the statute of limitation for summary offenses involving a vehicle, 42 Pa.C.S.A. § 5553(a), and is designed to give effect to both statutes.

Judgment of sentence affirmed.

MUSMANNO, J., files a dissenting opinion.

MUSMANNO, Judge, dissenting:

The majority has determined that the thirty-day statute of limitations for summary offenses involving vehicles (as specified in 42 Pa.C.S.A. § 5553(a)) does not commence for the offense of driving with a suspended license (as defined in 75 Pa.C.S.A. § 1543) until a law enforcement officer receives from the Pennsylvania Department of Transportation ("DOT") the certified driving record of the person being charged with the offense. The majority makes this conclusion in an attempt to reconcile Section 5553(a) of the Judicial Code (requiring the institution of a proceeding involving a summary vehicle offense within thirty days of either the commission of the offense, or the discovery of the offense, or the discovery of the identity of the offender) with Section 1543(d) of the Vehicle Code (requiring a law enforcement officer to verify [1] the basis for a license suspension prior to filing a citation). I respectfully dissent.

In this case, it is clear that Officer Altland knew that Rankin had committed the offense of driving with a suspended license no later than September 17, 1995 when the Pennsylvania State Police confirmed to the Officer that Rankin's license had been suspended. Apparently without any valid reason for the delay, however, Officer Altland waited until October 10, 1995 to request a certified copy of Rankin's driving record from the DOT. After receiving the record from the DOT on October 24, 1995 at the latest, Officer Altland again without any stated reason delayed filing the citation with the District Justice until November 8, 1995.

Under the majority's decision, a law enforcement officer with knowledge that a license has been suspended may wait an indefinite time period without reason or explanation before the officer requests a certified driving record from the DOT or before the officer files a citation after receiving the record. Moreover, as stated by the majority, their holding "eviscerates" the thirty-day statute of limitations for the offense of driving with a suspended license.[2]

In my judgment, Sections 5553(a) and 1543(d) can be reconciled without allowing a law enforcement officer to create unreasonable or inexplicable delays in the process of filing a citation for the offense of driving with a suspended license and without eviscerating the statute of limitations for that offense.

---

1. An officer must verify the basis for the suspension by obtaining a certified copy of the driving record from the DOT. *Commonwealth v. Heckman,* 404 Pa.Super. 335, 340–42, 590 A.2d 1261, 1264 (1991).

2. The majority notes, in response to this concern, that the Vehicle Code's statute of repose (as specified in 42 Pa.C.S.A. § 5553(e)) prevents a law enforcement officer from filing a citation more than two years after the commission of the offense.

Upon learning that a driver's license is or may have been suspended, the officer should promptly request a certified driving record from the DOT. Upon receipt of the record from the DOT indicating that the license has been suspended, the officer should as soon as practicable file a citation with the issuing authority. The statute of limitations should be tolled from the time the officer makes the request for the record from the DOT to the time the officer receives the record from the DOT. Tolling the statute in this way will account for the time that the DOT takes to process the record request, a time period over which the law enforcement officer has no control.[3]

Thus, if a total of more than thirty days elapses in the following time periods: (1) between the officer's knowledge that a driver's license is or may have been suspended and the time the officer requests the certified driving record from the DOT, and (2) between the receipt by the officer of the record from the DOT and the filing of the citation, then the prosecution of the offense should be barred by the statute of limitations. Under this analysis, in Rankin's case, because Officer Altland waited twenty-three days between the time he received notice that Rankin's license was suspended and the time he requested Rankin's certified driving record from the DOT and delayed filing the citation for another fourteen days after receiving the record from the DOT, I would bar prosecution of Rankin for the offense of driving with a suspended license as violative of the statute of limitations in 42 Pa.C.S.A. § 5553(a).

---

**3.** I am aware that Section 5554, 42 Pa.C.S.A. § 5554, tolls the statute of limitations in Section 5553 under certain defined circumstances. These circumstances, however, are not applicable to this case.