**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Jack H. MILLSTEIN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 2002.
Filed Nov. 12, 2002.

Jacquelyn A. Knupp, Youngwood, for appellant.

Shawn A. Sensky, Assistant District Attorney, New Castle, for Com., appellee.

Before: DEL SOLE, P.J., GRACI and MONTEMURO,* JJ.

DEL SOLE, P.J.:

¶ 1 This is an appeal from the judgment of sentence imposing a fine and costs following Appellant's conviction on the summary charge of exceeding the maximum

* Retired Justice assigned to the Superior Court.

posted speed limit. The sole issue raised on appeal is whether the prosecution of the underlying action was time barred under 42 Pa.C.S.A. § 5553(a). During Appellant's appeal *de novo*, the trial court rejected this defense concluding that the relevant limitation period was tolled. We affirm.

¶ 2 The statutory provision at issue provides in relevant part:

[P]roceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense....

42 Pa.C.S.A. § 5553(a). This statute may be tolled in accordance with 42 Pa.C.S.A. § 5554 which states in relevant part:

[T]he period of limitation does not run during any time when:

.     .     .     .     .

(2) a prosecution against the accused for the same conduct is pending in this Commonwealth.

¶ 3 The facts in the action are not disputed. On April 14, 2001, Appellant was stopped and issued a speeding citation while traveling on the Pennsylvania Turnpike. The trooper who issued the citation erroneously identified the county in which the offense occurred as Allegheny County instead of Lawrence County on the citation. At the scheduled trial before the district justice on June 1, 2001, the trooper informed the court of the mistake regarding the county and sought leave to amend the citation. The district justice denied this request whereupon the trooper withdrew the original citation and immediately issued and filed a new citation dated June 1, 2001, with correct county identified. Appellant was found guilty by the district justice and then took an appeal to the court of Common Pleas of Lawrence County. Appellant argued to the court of common pleas that the second summary citation should be quashed based upon Section 5553 of the Judicial Code. The court rejected this argument and this appeal followed.

¶ 4 Under Section 5553(a), the prosecution of a summary traffic offense must be commenced within 30 days of the alleged offense. A prosecution is said to commence when a citation is issued, absent unreasonable delay. See 42 Pa.C.S.A. § 5552(e). In this case the offense was committed on April 14, 2001, and on that same date the original citation was issued. That citation was withdrawn on June 1, 2001, and a new citation was immediately issued. Appellant argues that because the new citation was not issued within 30 days of the April 14, 2001, offense it must be quashed. Appellant recognizes the tolling provisions of § 5554(2) which apply when a prosecution is pending for the same conduct. But he suggests that these provisions concern only the filing of additional charges as in *Commonwealth v. Heckman*, 404 Pa.Super. 335, 590 A.2d 1261 (1991), or an amended citation as in *Commonwealth v. Palmer*, 334 Pa.Super. 248, 482 A.2d 1318 (1984), and do not apply where the original charges have been withdrawn. We do not accept this argument.

¶ 5 While *Heckman* and *Palmer* did involve factual situations which addressed the filing of additional charges or amended charges, their holdings were not limited to their facts. Citing to *Commonwealth v. Alessi*, 389 Pa.Super. 497, 567 A.2d 713 (1989), the *Heckman* court noted "that for purposes of § 5553(a) once the investigating officer has filed the citation with the issuing authority, proceedings have commenced and the statute of limitations is tolled." 590 A.2d at 1265. The *Palmer* court remarked that the appellant was given sufficient notice of the offense charged because the original citation and the amended citation described the same criminal act and no different or additional crime was alleged by the amended citation.

¶ 6 The tolling provisions of § 5554(2) are general and apply whenever a prosecution against the accused is pending for the same conduct. It does not limit its application to situations only where additional charges are subsequently added. Nor does it suggest that the tolling provision becomes inapplicable if or when the initial charges are withdrawn. Rather, whenever a prosecution for the same conduct is pending against the accused, the time restraints of § 5553(a) are tolled. See *Commonwealth v. Allem*, 367 Pa.Super. 173, 532 A.2d 845, 849 (1987) (finding that during the pendency of the proceedings on the original complaint the statute of limitations was tolled until the complaint was dismissed by the district justice when witnesses failed to appear for the preliminary hearing). Thus, in this instance, the limitation period was tolled from the date of the offense, April 14, 2001, when the original citation was issued, until June 1, 2001, when that citation was withdrawn. Because a new citation was issued that same day, the prosecution was timely commenced.

¶ 7 Judgment of sentence affirmed.